Gene McWHORTER *v.* Bernice McWHORTER

CA 99-455                                        14 S.W.3d 528

Court of Appeals of Arkansas
Division II
Opinion delivered April 19, 2000

*Charles B. Roscopf,* for appellant.

*Appellee,* pro se.

JOHN B. ROBBINS, Chief Judge. Appellant Gene McWhorter and appellee Bernice McWhorter were divorced on August 20, 1993. Custody of the parties' children, Warren and Kimberly, was placed with Ms. McWhorter, and Mr. McWhorter was ordered to pay child support. On May 16, 1995, the chancery court entered an order modifying appellant's child-support obligation, and set support for both children at $465.00 per month pursuant to a finding that Mr. McWhorter's average annual net income was $23,325.00. No appeal was taken from this order.

On February 15, 1996, Ms. McWhorter filed a petition for an increase in child support. A trial in the matter was held in April 1998 at which four witnesses testified, including the parties. Shirley Miles, a CPA who examined Mr. McWhorter's tax returns, testified on behalf of Ms. McWhorter. Deborah Norwood, who prepares Mr. McWhorter's tax returns under the direction of CPAs, testified

on his behalf. After the hearing, the chancery court found that Mr. McWhorter's average annual net income over the past three years was $58,344.00, and on this basis increased his monthly child-support obligation to $1,017.00. In arriving at his average annual income from 1995 to 1997, the chancery court found that, during this period, he earned $34,306.76, $82,737.00, and $58,000.00, respectively. The chancery court ordered that the increased rate of child support would be effective retroactive to February 1997, and after allowing credits for support payments made, entered a judgment for $8,832.00 for retroactive child support.

After the chancery court issued its letter opinion, but before judgment was entered, Mr. McWhorter filed a motion for findings of fact pursuant to Ark. R. Civ. P. 52. In his motion, he asked the chancery court to revisit and enumerate her calculations that were used in arriving at his annual incomes for the past three years. However, the chancellor declined to rule on this motion.

On appeal, Mr. McWhorter raises five arguments for reversal. First, he contends that the chancery court erred in refusing to make findings of fact as requested. Next, he takes issue with the order increasing child support, specifically arguing that the chancery court erred in considering gambling profits, erred in its method of averaging his three-year income, and was clearly erroneous in arriving at his income for child-support purposes. Finally, Mr. McWhorter asserts that the chancery court clearly erred in ordering the child support to be awarded retroactively to February 1997.

■■ We agree with Mr. McWhorter's first point on appeal. Rule 52(a) provides that, "If requested by a party, in all contested actions tried upon the facts without a jury, the court shall find the facts specially and state separately its conclusions of law thereon[.]" If findings under Rule 52(a) are timely requested, the trial court is required to make specific findings of fact and conclusions of law and to file the same with the clerk of the trial court so that such findings may be made part of the record. *See McClain v. Giles*, 271 Ark. 176, 607 S.W.2d 416 (1980). Mr. McWhorter made a timely request and we, therefore, must reverse and remand for compliance with the provisions of Rule 52(a).

In the instant case, the evidence showed that Mr. McWhorter is an independent trucker with a lengthy list of business expenses.

Both parties' financial analysts testified as to the propriety of the business expenses, and other factors, in arriving at their opinions as to the net profits realized by Mr. McWhorter over the past few years. As Mr. McWhorter's Rule 52(a) motion recites, the letter opinion issued by the chancery court (and ultimately the final order) fails to set forth findings of fact upon which the chancery court relied in calculating Mr. McWhorter's income for child-support purposes. Among other things, the chancery court failed to indicate whether or not, in arriving at its conclusions, it considered depreciation or mileage expense with respect to Mr. McWhorter's work vehicle, and whether it took into account income derived from gambling. From the record, it is unclear as to how the chancery court arrived at its figures.

STROUD and NEAL, JJ., agree.