Lori A. (Garrett) PRICE *v.* Gregory A. GARRETT, Jr.

CA 01-1259

84 S.W.3d 63

Court of Appeals of Arkansas
Division II
Opinion delivered September 11, 2002

---

[black redaction bars]

*Gordon, Caruth & Virden, P.L.C.,* by: *Bart F. Virden,* for appellant.

*Leroy Blankenship,* for appellee.

JOHN E. JENNINGS, Judge. Appellant, Lori Price, appeals from an order of the Cleburne County Circuit Court that changed the custody of the parties' minor child from appellant to the appellee, Gregory Garrett. Appellant's sole point on appeal is that the trial court erred in changing custody. Because we hold that we have no appellate jurisdiction, we dismiss the appeal.

The parties in this case were divorced on April 1, 1999. Mrs. Price was awarded primary custody of the parties' minor child. Mr. Garrett subsequently filed a petition to modify the decree, seeking primary custody of the child, and the trial court held a hearing on June 22, 2001. On June 27 the court filed a letter opinion which recited, in pertinent part:

> I am persuaded by the testimony and exhibits that the mother and step-father are a dysfunctional family. Circumstances have changed since April 1999. It is encouraging that professional help has been sought by each. However, my obligation and responsibility is to decide what is best for the little boy. My decision is that the child shall live with his father. I don't like to separate siblings, but the future well-being of the child requires such. The mother shall have my standard visitation rights.

On July 6 the court entered a judgment consistent with its letter opinion.

Following the court's decision, Mrs. Price changed attorneys and on July 19 present counsel filed a "Motion for Findings of Fact and Conclusions of Law." The motion recited that appellant "request[s] this court pursuant to Arkansas Rules of Civil Procedure, Rule 52, . . . [to] make specific findings of fact and conclusions of law and set them [forth] on a separate document." The court took no action on the motion, and appellant filed her notice of appeal on August 28.

Rule 4(a) of the Rules of Appellate Procedure–Civil provides that "except as otherwise provided in subsequent sections of this rule, a notice of appeal shall be filed within thirty days from the entry of the judgment, decree or order appealed from." Rule 4(b)(1) provides:

(b) *Extension of time for filing notice of appeal.*

(1) Upon timely filing in the trial court of a motion for judgment notwithstanding the verdict under Rule 50(b) of the Arkansas Rules of Civil Procedure, a motion to amend the court's findings of fact or to make additional findings under Rule 52(b), or a motion for a new trial under Rule 59(a), or any other motion to vacate, alter, or amend the judgment made no later than 10 days after entry of judgment, the time for filing a notice of appeal shall be extended for all parties. The notice of appeal shall be filed within thirty (30) days from entry of the order disposing of the last motion outstanding. However, if the trial court neither grants nor denies the motion within thirty (30) days of its filing, the motion shall be deemed denied by operation of law as of the thirtieth day, and the notice of appeal shall be filed within thirty (30) days from that date.

Rule 52(a) of the Arkansas Rules of Civil Procedure provides, in part:

If requested by a party in all contested actions tried upon the facts without a jury, the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58. . . . Requests for findings are not necessary for purposes of review. . . If an opinion memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein.

Rule 52(b) is entitled "Amendment" and subsection (1) provides:

(1) Upon motion of a party made not later than 10 days after entry of judgment, the court may amend its findings of fact or make additional findings and may amend the judgment accordingly. The motion may be made with a motion for a new trial pursuant to Rule 59. A motion made before entry of judgment shall become effective and be treated as filed on the day after the judgment is entered. If the court neither grants nor denies the motion within 30 days of the date on which it is filed or treated as filed, it shall be deemed denied as of the 30th day.

■ Clearly the motions provided for in Rule 52(a) and Rule 52(b) are quite different motions with different consequences. A Rule 52(a) motion or request must be filed at least prior to the date of entry of judgment.[1] A Rule 52(b) motion may be filed "not later than ten days after entry of judgment." Rule 52(a) is mandatory. *See McWhorter v. McWhorter*, 70 Ark. App. 41, 14 S.W.3d 528 (2000). Rule 52(b) is clearly not mandatory on the trial court. The rule states that "the court may amend its findings of fact. . ." Rule 4 of the Rules of Appellate Procedure establishes that a motion made under Rule 52(b) will serve to extend the time for the filing of a notice of appeal. No such provision is made for the filing of a motion or request under Rule 52(a).

■ ■ The question then becomes whether the motion filed in this case was a 52(a) motion or a 52(b) motion. When we examine the caption of the motion, its contents, its characterization by the appellant in her own brief, and view it in the context of the case, it becomes clear that the motion is what it purports to be, a motion under Rule 52(a). Such a motion could not extend the time for the filing of a notice of appeal under Rule 4 of the

---

[1] The rule itself implies that the request must be made prior to the entry of judgment. In *McClain v. Giles*, 271 Ark. 176 (Ark. App. 1980), we held that a Rule 52(a) motion filed twenty-two days after a decision letter had been written was untimely, even though filed before judgment was entered. In *McWhorter v. McWhorter*, 70 Ark. App. 41, 14 S.W.3d 528 (2000), we found that a 52(a) motion made after the issuance of a letter opinion, but prior to entry of judgment, was timely.

Rules of Appellate Procedure. While the issue on which we decide this case is not raised by either party, we have the duty to raise it on our motion because it is a matter that goes to this court's jurisdiction. *Farm Bureau Mut. Ins. Co. v. Running M Farms, Inc.*, 348 Ark. 313, 72 S.W.3d 502 (2002); *Haase v. Starnes*, 337 Ark. 193, 987 S.W.2d 704 (1999).

When the appellate court dismisses an appeal for lack of appellate jurisdiction, based on what may be reasonably seen as technical grounds, surely the better practice, generally, is to withhold any view on the merits of the case. But every rule has its exception, and we do not think it inappropriate to say that we would have affirmed on the merits had we reached them.

Dismissed.

VAUGHT and CRABTREE, JJ., agree.