John E. SEARCY, III *v.* Emmett DAVENPORT,
Neill Reed, Stephanie E. Whitwell, and
Hurley Whitwell Realty Co., Inc.

02-729                                    100 S.W.3d 711

Supreme Court of Arkansas
Opinion delivered March 13, 2003

[Petition for rehearing denied April 10, 2003.]

*Appellant*, pro se.

*Stephen E. Whitwell*, for appellees.

JIM HANNAH, Justice. Appellant John E. Searcy, III, appeals the dismissal of his Amended Complaint for Fraud Upon

the Court and denial of his motion to recuse. We hold that this case is barred by *res judicata* because the fraud alleged by Searcy is a repeated allegation that he was unlawfully deprived of his property, all aspects of which were or could have been litigated in the prior action to quiet title. *Searcy v. Davenport*, slip op. at 1 (Ark. App. March 14, 2002). We also hold that the trial judge did not abuse his discretion in denying Searcy's motion to recuse.

*Facts*

Searcy acquired forty acres in Van Buren County in 1986. Searcy then became involved in a dispute with the Internal Revenue Service over back taxes, and the forty acres were seized and sold. A deed in the record indicates that on September 18, 1995, the forty acres were deeded to the United States of America, and this same deed indicates that on June 21, 1996, the forty acres were deeded to appellees Neill Reed and Emmett Davenport by the United States in a quitclaim deed.

On June 27, 1997, appellees filed an action on the quitclaim deed to quiet title in the forty acres. On November 12, 1999, the Van Buren County Chancery Court entered a decree quieting title in appellees, specifically finding that Searcy held no interest in the forty acres. On March 14, 2001, the decision of the chancery court was affirmed. *Searcy, supra.*

On June 8, 2000, Searcy filed the present action for fraud on the court against Neill Reed, Emmett Davenport, Stephen E. Whitwell and Hurley Whitwell Realty Co., Inc., alleging the decree in *Searcy* had been procured by fraud and requested that the 1999 decree be set aside. Searcy filed an amended complaint making the same allegations, but changed the relief requested and asked for damages against appellees. However, at the hearing on the motion to dismiss in the present case, Searcy stated that he was alleging that the attempt to transfer title to appellees by the United States was fraudulent, and that he had attempted to prove this fraud in *Searcy*, but was prevented from doing so by the chancery court.

Searcy also moved the trial court to recuse in the present case. The motion to recuse alleges that Judge Charles E. Clawson,

Jr. was biased. Searcy argued as support for the accusation of bias that Judge Clawson presided in *Searcy* and ruled against him on evidence and the ultimate issue of title to the forty acres. We note that Searcy also filed a complaint with the Judicial Discipline and Disability Commission following the decision on the action to quiet title.

## Res Judicata

Searcy presents the same arguments in the present action as he asserted in the earlier case in *Searcy*. He again asserts in the present case, as he did in *Searcy*, that the United States Government failed to follow lawful procedure in acquiring title, that the United States never acquired title, and that appellees therefore could not acquire title from the United States. Searcy also argues as he did in *Searcy*, that appellees committed a fraud upon the court by presenting the trial court with documents and making arguments to quiet title when the appellees knew that they could not acquire title because the United States had no title to pass to them.

In his answer to the petition to quiet title in *Searcy, supra,* Searcy asserted that the appellees had acquired no interest in the forty acres through the United States because the United States seized the forty acres from him fraudulently and without due process. He further alleged in the action to quiet title that appellees knowingly provided title documents to the trial court which the appellees knew to be fraudulent. Thus, the issue of whether appellees committed fraud in asserting a right to clear title in the forty acres was raised in *Searcy, supra,* and it is now being raised again in the present case.

The concept of *res judicata* has two facets, one being issue preclusion and the other claim preclusion. *Huffman v. Alderson*, 335 Ark. 411, 983 S.W.2d 899 (1998); *John Cheeseman Trucking, Inc. v. Pinson*, 313 Ark. 632, 855 S.W.2d 941 (1993). Under claim-preclusion, a valid and final judgment rendered on the merits by a court of competent jurisdiction bars another action by the plaintiff or his privies against the defendant or his privies on the same claim. *Huffman, supra. Res judicata* bars not only the relitiga-

tion of claims which were actually litigated in the first suit, but also those which could have been litigated. *Id.* Further, where a case is based on the same events as the subject matter of a previous lawsuit, *res judicata* will apply even if the subsequent lawsuit raises new legal issues and seeks additional remedies. *Id.*

■ Issue preclusion, or collateral estoppel, bars relitigation of issues. *Crockett & Brown v. Wilson*, 314 Ark. 578, 864 S.W.2d 244 (1993). In *State v. Thompson*, 343 Ark. 135, 34 S.W.3d 33 (2000), we stated of collateral estoppel:

> When an issue of ultimate fact has once been determined by a valid and final judgment, collateral estoppel precludes relitigation of that issue between the same parties in any future proceeding. *E.g., Edwards v. State*, 328 Ark. 394, 943 S.W.2d 600, *cert. denied*, 522 U.S. 950 (1997) (*quoting Schiro v. Farley*, 510 U.S. 222, 232 (1994)). In order to establish collateral estoppel, proof of the following is required: 1) the issue sought to be precluded must be the same as that involved in the prior litigation; 2) the issue must have been actually litigated; 3) the issue must have been determined by a final and valid judgment; and 4) the determination must have been essential to the judgment. *Edwards*, 328 Ark. at 401-02, 943 S.W.2d at 603.

*Thompson*, 343 Ark. at 139-40.

■ At the hearing on appellee's motion to dismiss in the present case, Searcy responded to the assertion that he was attempting to relitigate the issue of fraud by stating that he believed the issue of fraud was a new issue. He stated:

> In fact, the Chancery Court, when I attempted — when I attempted to prove the fraud in Chancery Court, I was prevented from — from proceeding down that road. It was considered a — separate issue, which I — I disagreed with. I think it — I think it had — it was an issue that was very — very germane to the — to the decision of that — of that Court. And I don't believe that those issues were ever considered by the Chancery Court — or this issue — the — the issues I'm bringing forward in this case.

It is abundantly clear that Searcy sincerely believes that he has been defrauded of his interest in the forty acres. However, it is also abundantly clear that Searcy previously made these same assertions that appellees were acting fraudulently in the action to quiet title.

He now makes the assertions again. The doctrine of *res judicata* precludes relitigation of claims already litigated. *Linder v. Linder*, 348 Ark. 322, 72 S.W.3d 841 (2002). *Res judicata* also bars relitigation of claims that could have been litigated. *Linder, supra.* Thus, we hold Searcy's attempt to relitigate the issue of fraud in the present action is barred by *res judicata.*

██ However, Searcy alleges that he may raise the claim now because the trial court in the action to quiet title refused to hear the claim. Searcy does not argue that the trial court in *Searcy, supra* refused to rule, but rather that the trial court refused to allow him to admit evidence on the claim of fraud by appellees. Searcy thus alleges the trial court erred in admission of evidence in *Searcy, supra.* All issues of trial error should have been raised in the appeal from the action to quiet title. The case was affirmed on appeal, and the doctrine of *res judicata* precludes Searcy's attempt to again raise the claim of fraud in the present case.

### Motion to Recuse

Searcy moved for recusal, alleging that Judge Clawson had presided in *Searcy, supra,* and that throughout that litigation Judge Clawson had refused to consider his claims of fraud, refused to consider the issue of whether the federal government had lawfully seized his property, and stopped him from putting on evidence of fraud. Searcy further alleged that Judge Clawson was biased in favor of appellees, and that he acted summarily and refused to provide conclusions of fact and law underlying his decision quieting title in the forty acres. The trial court denied the motion to recuse.

██ The rule is long established that there is a presumption of impartiality on the part of judges. *City of Dover v. City of Russellville*, 346 Ark. 279, 57 S.W.3d 171 (2001). A judge's decision to recuse is within the trial court's discretion and will not be reversed absent abuse. *Id*; *Trimble v. State*, 336 Ark. 437, 986 S.W.2d 392 (1992). The party seeking recusal must demonstrate bias. *Bradford v. State*, 328 Ark. 701, 947 S.W.2d 1 (1997). Fur-

ther, unless there is an objective showing of bias, there must be a communication of bias in order to require recusal for implied bias. *City of Dover, supra.*

■ ■ Searcy offers no facts to show bias. The mere fact that Judge Clawson ruled against Searcy in the prior case is not sufficient to demonstrate bias. *Irvin v. State,* 345 Ark. 541, 49 S.W.3d 635 (2001). In addition, the mere fact that Searcy filed a petition with the Judicial Discipline and Disability Commission against Judge Clawson is not sufficient to demonstrate bias. Bias must be demonstrated. *Gates v. State,* 338 Ark. 530, 2 S.W.3d 40 (1999). Whether a judge has become biased to the point that he should disqualify himself is a matter to be confined to the conscience of the judge. *Irvin, supra.* We find no abuse of discretion in denial of the motion to recuse.

Affirmed.