APOLLO COATING RCS, INC. and Apollo, Inc. *v.*
BROOKRIDGE FUNDING CORP.

CA 01-1415                                    103 S.W.3d 682

Court of Appeals of Arkansas
Divisions IV and I
Opinion delivered April 16, 2003

*Clark & Spence*, by: *George R. Spence*, for appellant.

No response.

WENDELL L. GRIFFEN, Judge. Apollo Coating RCS, Inc., appeals from an order granting judgment in the amount of $35,964 to Brookridge Funding Corporation in an action to collect on an account. Appellant argues that the trial court erred in not rendering written findings of fact and conclusions of law as it requested and in awarding judgment to the appellee. We agree and reverse and remand for compliance with Arkansas Rule of Civil Procedure 52.

On August 3, 1998, appellant placed an order for 170,000 pig ears at a cost of $45,900 from Rudy Gutierrez d/b/a Diversified Marketing International (DMI), which was to be shipped in several installments to another corporation, Hartz. On August 12, 1998, DMI entered into an agreement to sell some of its accounts receivables to appellee. Among the accounts sold and assigned to appellee was the account of appellant. Appellant was informed of the assignment and was aware that all future payments were to be made to appellee. On November 19, 1998, appellant paid appellee $9,936 for the first shipment of pig ears sent by DMI to Hartz. However, appellant would not pay appellee for the subsequent shipments of pig ears DMI delivered to Hartz on August 19, 1998, and on August 28, 1998. Therefore, appellee filed an action against appellant alleging that appellant was indebted to it in the amount of $35,964.

At the hearing on the matter, appellant denied any indebtedness, claiming that the two shipments of pig ears had been rejected by Hartz. On September 4, 2000, the trial court entered an order awarding judgment to appellee. However, the order did not set forth findings of fact and conclusions of law. Thus, on September 7, 2000, appellant filed a motion requesting that the trial court make specific findings of fact and conclusions of law pursuant to Ark. R. Civ. P. 52. The trial court declined to rule on this motion.

Appellant appeals raising two arguments for reversal: (1) The trial court erred in not rendering written findings of fact and conclusions of law as it requested; and (2) The trial court erred in awarding judgment to the appellee as the goods were rejected. We agree with appellant's first point on appeal.

Rule 52 of the Arkansas Rules of Civil Procedure provides in part:

(a) *Effect.* If requested by a party, in all contested actions tried upon the facts without a jury, the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58 . . .

(b) *Amendment.*

(1) Upon motion of a party made not later than 10 days after entry of judgment, the court may amend its findings of fact or make additional findings and may amend the judgment accordingly.

Under this rule, there is a clear distinction between motions or requests made pursuant to Rule 52(a) and Rule 52(b)(1). As appellant correctly notes, under Rule 52(a), a trial court is required to make specific findings of fact and state separately its conclusions of law if a timely request is made. *McWhorter v. McWhorter,* 70 Ark. App. 41, 14 S.W.3d 528 (2000). In comparison, Rule 52(b) is reserved for motions or requests that ask the trial court to amend previously made findings of fact or to make additional findings. Rule 52(b) does not mandate that the trial court take action even when a timely motion or request is made. *McClain v. Giles,* 271 Ark. 176, 607 S.W.2d 416 (1980).

■ In the instant case, the trial court did not set forth its findings of fact and conclusions of law in its order. Appellant, therefore, filed a motion requesting that the trial court make specific findings of fact and conclusions of law. As appellant's motion was for the trial court to make findings and conclusions, not to amend them, it was governed by Rule 52(a). The motion was timely made, filed only three days after the judgment was entered. Thus, the trial court was required to provide written findings and conclusions as appellant had requested. Accordingly, we must reverse and remand for compliance with the provisions of Rule 52(a).

■ We recognize that our opinion in *Price v. Garrett,* 79 Ark. App. 84, 84 S.W.3d 63 (2002), contains language that is contradictory to our holding in this case. Therefore, we specifically limit *Price v. Garrett* to the holding that a postjudgment motion for findings of fact and conclusions of law made under Rule 52(a) does not extend the time for filing a notice of appeal under Rule 4 of the Rules of Appellate Procedure. To the extent that any language in *Price v. Garrett* is in conflict with our holding in this opinion, *Price v. Garrett* is overruled.

Reversed and remanded.

STROUD, C.J., HART and BAKER, JJ., agree.

BIRD and VAUGHT, JJ., dissent.

SAM BIRD, Judge, dissenting. I disagree with the majority judges' interpretation of Ark. R. Civ. P. 52(a), and, therefore, respectfully dissent. Specifically, I do not agree that Rule 52(a) can be interpreted to enable a party to compel a trial judge, sitting as the trier of fact, to make findings of fact and separate conclusions of law *after* the court's judgment has been entered. The very language of the rule belies such an interpretation. Simply stated, Rule 52(a) provides, in pertinent part, that a trial judge sitting as the trier of fact in a contested action is required to make findings of fact and state separately its conclusions of law if requested by a party, and that judgment shall be entered pursuant to Rule 58. The logical sequence suggested by Rule 52(a) is that the judge sits as the trier of fact, a party requests the judge to make findings of fact and separate conclusions of law, the court announces or publishes its findings and conclusions,[1] a form for the judgment is prepared, and the judgment is entered.

While the majority opinion notes that "there is a clear distinction between motions or requests made pursuant to Rule 52(a) and Rule 52(b)(1)," it then proceeds to obliterate the distinction by holding that, under Rule 52(a) a party can require the court to make findings of fact and separate conclusions of law *after* judgment has been entered, or, under Rule 52(b)(1) a party may request the court to amend its findings of fact or make additional findings within ten days *after* the entry of judgment. Although the majority cites *McWhorter v. McWhorter*, 70 Ark. App. 41, 14 S.W.2d 528 (2000), to support its position that Rule 52(a) can be invoked after judgment has been entered, it fails to note that in *McWhorter* we reversed the trial court because it declined to consider a party's request for specific findings of fact where the request was made *before* the entry of judgment. Only a few months ago this court decided *Price v. Garrett*, 79 Ark. App. 84, 84 S.W.3d 63 (2002), in which we held that "[a] Rule 52(a) motion or request must be filed at least prior to

---

[1] The rule does not require that the court's findings and conclusions be in writing, and it is not uncommon for them to be announced on the record from the bench.

the date of entry of judgment." For no apparent reason, the majority now overrules that holding.

I agree that there is a clear distinction between the purposes of Rule 52(a) and 52(b)(1). Rule 52(a) empowers a party to *compel* the trial judge sitting as the trier of fact in a contested action to make findings of fact and separate conclusions of law, following which judgment shall be entered. By clear implication, a party's request under 52(a) comes too late if it is not made until after judgment has been entered. On the other hand, Rule 52(b)(1) permits a party to *request* the trial judge to amend its findings of fact or make additional findings, and to amend its judgment accordingly, which request the court *may* either grant, deny, or ignore. By clear implication, a party's request, under Rule 52(b)(1), for the court to amend its findings or its judgment must come after the court has made findings of fact or after judgment has been entered.

The distinction between Ark. R. Civ. P. 52(a) and 52(b)(1) is made even clearer when it is considered that under Ark. R. App. P.—Civ. 4(b), which relates to extensions of time for filing a notice of appeal, it is provided that the time for filing a notice of appeal is extended upon the filing of a motion to amend or make additional findings of fact under Rule 52(b) and a motion to amend the judgment made no later than ten days after the entry of judgment. Significantly, there is no allowance for an extension of time to file a notice of appeal upon the filing of a request pursuant to Rule 52(a), for the obvious reason that Rule 52(a) contemplates that the party's request will precede the entry of judgment. If a request for findings of fact and separate conclusions of law under Rule 52(a) can be made, as the majority holds, after judgment has been entered, and since a request under Rule 52(a) does not extend the time for filing a notice of appeal, I cannot help but wonder what effect the court's postjudgment findings of fact and conclusions of law would have upon the judgment previously entered, if the judgment is appealed. There is no requirement under Rule 52(a) that the trial court enter another judgment after making postjudgment findings and conclusions; nor is it provided that the postjudgment findings and conclusions are made a part of the judgment previously entered. Furthermore, it is significant to ask, I believe, that since the making of a Rule 52(a) request does not extend the time for filing a notice of appeal, and since Rule 52(a) sets no time within which the trial court must comply with the party's request for findings of fact and

separate conclusions of law, what would become of an appellant's appeal if the trial court simply waits thirty-one days after the entry of judgment before it renders the requested findings and conclusions.

These questions arise because of the strained attempt of the majority to interpret Rule 52(a) to mean something that it does not say. I cannot interpret that rule to require the trial court to justify its decision to a party after the judgment has been entered. I believe that Rule 52(a) is nothing more than the adoption of a common-sense rule that if a litigant wishes to know the facts upon which the trial court will rely and the legal conclusions the court will draw from those facts, the litigant, acting pursuant to Rule 52(a), can request that information, and the court shall be obligated to provide it before judgment is entered. On the other hand, if the trial court has made findings of fact with which the litigant does not agree, the litigant, acting pursuant to Rule 52(b)(1), can request the trial court to amend its findings and to amend the judgment that resulted from them, which request the court may grant or deny, in its discretion.

I would affirm the decision of the trial court, and I am authorized to state that Judge VAUGHT joins with me in this dissent.