Sarah KIMBROUGH *v.* Warren Carter KIMBROUGH,
Kevin A. Kimbrough, Karen E. Stitsworth, Regions Bank,
and the Estate of Rebecca C. Kimbrough

CA 03-325                                           119 S.W.3d 66

Court of Appeals of Arkansas
Division IV
Opinion delivered October 1, 2003

[Petition for rehearing denied November 5, 2003.]

*Pryor, Robertson & Barry PLLC*, by: *C. Brian Meadors*, for appellant.

*Daily & Woods, P.L.L.C.*, by: *Stanley A. Leasure*, for appellees.

SAM BIRD, Judge. In this probate case, Sarah Kimbrough appeals the appointment of Warren Carter Kimbrough (Carter) as guardian of the person of Rebecca Kimbrough, an incapacitated person. Sarah and Carter, sister and brother, are two of Rebecca's six children. The proceedings in this case began when Carter and two other siblings filed with the trial court a petition asking that he be appointed the guardian of the person of Rebecca Kimbrough, and that Regions Bank be appointed the guardian of her estate. Sarah filed an objection and counterpetition asking that she be appointed guardian or, alternatively, co-guardian of Rebecca's person. After conducting a hearing on November 15, 2002, the court ruled from the bench that the bank would be guardian of the estate and that Carter would be the guardian of the person. A written order entered on November 26, 2002, reflected these rulings and denied Sarah's objection and counterpetition.

On November 27, 2002, Sarah filed a motion for reconsideration and a new trial. Alternatively, she asked that the court make findings of fact and conclusions of law pursuant to Ark. R. Civ. P. 52. She also asked that the court vacate its order appointing

Carter as guardian and that the judge recuse himself from further proceedings under Ark. Code of Judicial Conduct Canon 3. The trial court took no action on these motions within thirty days; thus, they were deemed denied under Ark. R. Civ. P. 59(b) and Ark. R. App. 4(b)(1). Sarah now appeals the denial of the motion, contending (1) that the trial court's refusal to make findings under Rule 52 mandates a remand of this case, and (2) that the trial judge should have recused himself because he had extrajudicial knowledge of disputed facts. We affirm on both points.

### *Motion to make findings under Ark. R. Civ. P. 52*

Arkansas Rule of Civil Procedure 52 provides in pertinent part:

> (a) *Effect.* If requested by a party, in all contested actions tried upon the facts without a jury, the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58 . . .

> (b) *Amendment.* (1) Upon motion of a party made not later than 10 days after entry of judgment, the court may amend its findings of fact or make additional findings and may amend the judgment accordingly. The motion may be made with a motion for a new trial pursuant to Rule 59.

Here, the trial court informed the parties of its findings and conclusions of law both orally and by written order. At the conclusion of the hearing, the court ruled from the bench as follows:

> But the bottom line is we need some — we need someone taking care of her, and we need someone making decisions, and they don't have to necessarily be the same person. In fact, probably better if they're not, and so I am going to appoint Carter. But I am going to commend Sarah for what she is doing. I want you to continue to do that.

> . . . .

> And I have no doubt that whatever decision is made as the time goes along that it's going to be in her best interest. I have no doubt that Carter and Sarah primarily, I think, are going to be dealing with

this situation to make the right decision. I think their hearts are in the right place, both of you. As far as James and Beverly I've never met those people so I don't know them. I know all of you.

But that is the Court's decision. The bank will be the guardian of the estate. Carter will be the guardian of the person, and Sarah will be on the front lines. And I think that with that combination, we can't go wrong so good luck to all of you.

In addition to pronouncing these oral findings of fact and conclusions of law, the trial court set forth findings and conclusions in its written judgment. The written findings included the following:

3. Based on the testimony of Rebecca C. Kimbrough's primary care physician, Bart Sills, M.D., who has evaluated Rebecca C. Kimbrough, the Court makes the following findings which were supported by clear and convincing evidence: (A) Rebecca C. Kimbrough is an incapacitated person who is impaired by reason of a physical and mental disability to the extent she lacks sufficient understanding or capacity to make or communicate decisions to meet the essential requirements for her health or safety or to manage her estate; (B) Rebecca C. Kimbrough is a person who needs assistance in meeting the essential requirements for her health and safety and for financial and business transactions and to preserve the assets of her estate; (C) Rebecca C. Kimbrough is substantially without capacity to care for herself and her estate; (D) Rebecca C. Kimbrough is in need of a general guardian of her estate and a general guardian of her person.

. . . .

6. Warren Carter Kimbrough is the natural child of Rebecca C. Kimbrough and is a legally qualified and suitable person to serve as general guardian of the person of Rebecca C. Kimbrough. Warren Carter Kimbrough is not presently serving as guardian of the person or estate of any incapacitated person. It is in the best interests of Rebecca C. Kimbrough that Warren Carter Kimbrough be appointed general guardian of the person of Rebecca C. Kimbrough.

. . .

The written judgment also ordered the appointment of Carter as general guardian of the person of Rebecca, and it denied Sarah's objection and counterpetition to be appointed guardian or co-guardian of the person.

Sarah characterizes the trial court's written findings as conclusory statements that failed to explain why she was not chosen as guardian. Sarah argues that the majority of the facts listed by the trial court were not in dispute, and that none give reasons as to why she was not chosen as guardian. She characterizes the court's comments as cryptic, and she complains that the lack of explanation for her loss is terse and legalistic. She contends that the court was required to make further findings under her Rule 52 motion. We do not agree.

■■ The trial court specifically found that it was in the best interests of Rebecca Kimbrough that Warren Carter Kimbrough, a legally qualified and suitable person, be appointed the guardian of her person. Nothing in Rule 52 requires the trial court to explain why it found the facts the way it did. Sarah presents no rule or authority requiring the court to explain why she was not appointed guardian. Where no citation to authority or convincing argument is offered, we decline to address the issue on appeal. *Norman v. Norman*, 347 Ark. 682, 66 S.W.3d 635 (2002). We hold that the trial court's oral and written pronouncements set forth sufficient findings on which to base the appointment of Carter as guardian of Rebecca.

The parties in this appeal debate the merits of our recent decision in *Apollo Coating Inc. v. Brookridge Funding Corp.*, 81 Ark. App. 396, 103 S.W.3d 682 (2003), which included the following discussion of Rule 52:

> Under this rule, there is a clear distinction between motions or requests made pursuant to Rule 52(a) and Rule 52(b)(1). As appellant correctly notes, under Rule 52(a), a trial court is required to make specific findings of fact and state separately its conclusions of law if a timely request is made. *McWhorter v. McWhorter*, 70 Ark. App. 41, 14 S.W.3d 528 (2000). In comparison, Rule 52(b) is reserved for motions or requests that ask the trial court to amend previously made findings of fact or to make additional findings. Rule 52(b) does not mandate that the trial court take action even when a timely motion or request is made. *McClain v. Giles*, 271 Ark. 176, 607 S.W.2d 416 (1980).

> In the instant case, the trial court did not set forth its findings of fact and conclusions of law in its order. Appellant, therefore, filed a motion requesting that the trial court make specific findings of fact and conclusions of law. As appellant's motion was for the trial court to make findings and conclusions, not to amend them, it was governed by Rule 52(a). The motion was timely made, filed only three days after the judgment was entered. Thus, the trial court was required to provide written findings and conclusions as appellant had requested. Accordingly, we must reverse and remand for compliance with the provisions of Rule 52(a).

81 Ark. App. at 398, 103 S.W.3d at 684.

■ The *Apollo* decision specifically stated that the trial court's judgment did not set forth findings of fact and conclusions, nor was there any reference to oral findings. Here, in contrast, in both its oral statements from the bench and written judgment, the trial court set forth its findings of fact and conclusions of law on the disputed matter of the appointment of Warren Carter Kimbrough as guardian of the person of Rebecca C. Kimbrough. Under our decision in *Apollo*, the appellant's Rule 52 motion was determined to have been timely filed because the court had made no findings of fact or conclusions of law before its judgment was entered. On the other hand, in the case at bar the court had already made sufficient findings of fact and conclusions of law, both orally at the hearing and in its written judgment. Therefore, unlike *Apollo*, it was in the trial court's discretion under Rule 52(b) whether to amend its findings or judgment. Rule 52(a) and the analysis in *Apollo* are not pertinent here.

### Recusal

Arkansas Code of Judicial Conduct Canon 3 forbids a judge to adjudicate a proceeding "in which his impartiality might reasonably be questioned, including . . . instances where the judge has . . . personal knowledge of disputed evidentiary facts concerning the proceeding." Sarah's motion for recusal cited Canon 3 and made the following allegations:

> [T]his Court mentioned the fact that it personally knew Rebecca Kimbrough, knew her deceased husband, Warren, and knew several of the children. Indeed, the Court singled out the children it did not know, Beverly and James, who were not present and did not

appear, Because the Court relied on personal knowledge (*i.e.*, facts outside of the pleadings and not offered into evidence). . . .

On appeal, Sarah again complains about comments by the trial judge that revealed his knowledge of Judge Kimbrough, the deceased husband of Rebecca Kimbrough and the father of the six children, and about the trial judge's knowing four of the couple's six children but never having met the other two. Sarah also points to the trial judge's comment that the parties' disagreement as to the appropriateness of nursing home care for their mother was "no surprise," and his observation that "[w]e were afraid she wasn't going to make it" when Rebecca had been in a nursing home the previous year. Sarah argues that her recusal motion was timely, and that the trial court was obligated to hold a hearing or to make a statement on the record regarding her motion.

Again, Sarah has presented no convincing argument or authority that the trial judge was required to act further upon her request. Furthermore, the rule is long established that there is a presumption of impartiality on the part of judges. *Searcy v. Davenport*, 352 Ark. 307, 100 S.W.3d 711 (2003). A judge's decision to recuse is within the trial court's discretion and will not be reversed absent abuse. *Id*. The party seeking recusal must demonstrate bias. *Id*. Further, unless there is an objective showing of bias, there must be a communication of bias in order to require recusal for implied bias. *Id*.

Here, Sarah offers no facts to show bias. The mere facts that the judge knew the family and had previously been concerned about Rebecca during her stay in intensive care are not sufficient to demonstrate bias. Whether a judge has become biased to the point that he should disqualify himself is a matter to be confined to the conscience of the judge. *Id*. We find no abuse of discretion in the trial judge's denial of the motion to recuse.

Affirmed.

STROUD, C.J., and VAUGHT, J., agree.