ARKANSAS DEPARTMENT of HUMAN SERVICES *v.*
Toby DIX and Carla Dix

CA 05-875                                          227 S.W.3d 456

Court of Appeals of Arkansas
Opinion delivered February 8, 2006

*Gray Allen Turner*, Office of Chief Counsel, for appellant.

JOHN B. ROBBINS, Judge. This is a one-brief appeal submitted by appellant Arkansas Department of Human Services ("DHS") concerning a dependency/neglect proceeding in Sebastian County Circuit Court. DHS argues that (1) the adjudication order has an erroneous finding regarding custody of the minor children, and (2) the circuit court erred when it did not issue findings of fact and conclusions of law as requested by DHS in a motion pursuant to Ark. R. Civ. P. 52. Because we have no jurisdiction to consider this appeal, we dismiss.

First, DHS's notice of appeal is ineffective to bring the adjudication order up for review. The filing of a notice of appeal is jurisdictional. *Brady v. Alken*, 273 Ark. 147, 617 S.W.2d 358 (1981); *Henry v. State*, 49 Ark. App. 16, 894 S.W.2d 610 (1995). Absent an effective notice of appeal, this court lacks jurisdiction to consider the appeal and must dismiss it. *Pannell v. State*, 320 Ark. 250, 895 S.W.2d 911 (1995); *Cannon v. State*, 58 Ark. App. 182, 947 S.W.2d 409 (1997); *Schaeffer v. City of Russellville*, 52 Ark. App. 184, 916 S.W.2d 134 (1996). Therefore, whether appellant filed an effective notice of appeal is always an issue before the appellate court.

In this instance, the proceeding was subject to an adjudication hearing on March 11, 2005, and at the conclusion, the trial court announced its findings, to which DHS objected regarding custody of the minor children. On March 28, 2005, at 2:58 p.m., DHS filed a "Motion for Findings of Fact and Conclusions of Law," citing to Ark. R. Civ. P. 52 and *McWhorter v. McWhorter*, 70 Ark. App. 41, 14 S.W.3d 528 (2000). The motion asked that the trial court "set forth separate written findings of fact and conclusions of law." An hour later, at 3:57 p.m, the trial court filed its "Adjudication Order," which included the following among its fourteen findings:

6. Legal custody of the juveniles shall remain with the Department pending further order of the Court and physical custody remains with Toni Anderson as previously ordered. The Court notes the Department's objection to the split custody arrangement. The Court makes this order based on the ruling in the case of *Linda Batiste v. Arkansas Department of Human Services*, Arkansas Supreme Court Case No. 04-486.

Thereafter, DHS filed a notice of appeal on May 11, 2005, in which DHS recited that it was appealing the March 28 adjudication order "and the denial of the motion for findings of fact entered March 28, 2005, and deemed denied on April 27, 2005."

Arkansas Rule of Appellate Procedure—Civil 2 provides specifically in subsection (c)(3)(A) that adjudication orders from juvenile cases in which an out-of-home placement is ordered are final and appealable orders. The time within which to appeal the adjudication was not tolled by the motion for findings because it was made pursuant to Ark. R. Civ. P. 52(a). While a proper motion pursuant to Ark. R. Civ. P. 52(b) would have extended the time within which to file a notice of appeal from the underlying order, *see* Ark. R. App. P. – Civ. 4(b), there is no such provision with respect to a Rule 52(a) motion. Appellant DHS failed to file a timely notice of appeal from that order because the notice was filed more than thirty days after the adjudication order was filed. Such a failure deprives this court of jurisdiction to consider the issues raised in that order. *See Jefferson v. Ark. Dep't of Human Servs.*, 356 Ark. 647, 158 S.W.3d 129 (2004); *Hawkins v. State Farm Fire and Casualty Co.*, 302 Ark. 582, 792 S.W.2d 307 (1990); *Moore v. Arkansas Dep't of Human Servs.*, 69 Ark. App. 1, 9 S.W.3d 531 (2000). Accordingly, we cannot consider DHS's arguments relating to errors made during the adjudication hearing.

To explain further, we hold that in both form and substance, DHS's motion was a Rule 52(a) motion. Rule 52(a) provides in part that "[i]f requested by a party at any time prior to the entry of judgment, in all contested actions tried upon the facts without a jury, the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58[.]" In comparison, Rule 52(b) is reserved for motions or requests "made not later than 10 days after entry of judgment" that ask the trial court to amend previously made findings of fact or to make additional findings, which it may do.

The Reporter's Notes to the 2004 amendment of Rule 52 state that new wording was added to specifically overrule our appellate decision in *Apollo Coating RSC, Inc. v. Brookridge Funding Corp.*, 81 Ark. App. 396, 103 S.W.3d 682 (2003), which held that a Rule 52(a) motion could be made after entry of the judgment. Because the motion was filed before the entry of the adjudication order, it falls within Rule 52(a). Additionally, DHS's motion itself evidences that it was made pursuant to Rule 52(a). The motion asked for "separate written findings of fact and the conclusions of law," and this wording is only found in subsection (a). DHS's motion also cites to a court of appeals case that deals solely with Rule 52(a). Therefore, the time within which to appeal the adjudication order expired prior to the filing of a notice of appeal.

As another point on appeal, DHS asserts that its Rule 52 motion for findings of fact and conclusions of law was deemed denied when thirty days passed without action on it by the trial court. We disagree with DHS's characterization of the motion as "deemed denied." Subsequent to the Rule 52(a) motion, a written order followed setting forth fourteen separate findings. Thus, the entry of a written order with findings and conclusions granted DHS the relief it requested. It is axiomatic that a party who received the relief requested has no basis for appeal. *Jones v. State*, 326 Ark. 61, 931 S.W.2d 83 (1996); *Richmond v. State*, 320 Ark. 566, 899 S.W.2d 64 (1995); *Delacey v. Delacey*, 85 Ark. App. 419, 155 S.W.3d 701 (2004). If DHS was dissatisfied with the findings made in the adjudication order,[1] it was incumbent upon it to move for additional findings or amended findings within ten days as provided in Rule 52(b). In the absence thereof, we have nothing before us to review.

Appeal dismissed.

GLADWIN and CRABTREE, JJ., agree.

---

[1] DHS states in its brief that it prepared the adjudication order that the trial judge signed and filed.