

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-12-712

| | |
|---|---|
| EVANGELICAL LUTHERAN GOOD SAMARITAN SOCIETY; THE EVANGELICAL LUTHERAN GOOD SAMARITAN SOCIETY d/b/a GOOD SAMARITAN CAMPUS–HOT SPRINGS VILLAGE; and CORINNE WHITE, IN HER CAPACITY AS ADMINISTRATOR OF GOOD SAMARITAN SOCIETY–HOT SPRINGS VILLAGE<br><br>APPELLANTS<br><br>V.<br><br>ROBERT KOLESAR, AS ATTORNEY IN FACT FOR VERA KOLESAR<br>APPELLEE | **Opinion Delivered** December 11, 2013<br><br>APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. CV 2010-9972]<br><br>HONORABLE GARY ARNOLD, JUDGE<br><br>APPEAL DISMISSED |

**ROBERT J. GLADWIN, Chief Judge**

This is an appeal from the Saline County Circuit Court's denial of a motion to compel arbitration. Robert Kolesar brought this medical-malpractice action against the appellants[1] for injuries allegedly sustained by his wife while she was a resident at the nursing home. The nursing home responded with a motion to compel arbitration, citing a provision in the admissions agreement that appellee had signed. The circuit court denied the motion without specifying its basis. The nursing home appeals. Because we hold that we have no appellate

---

[1]The appellants are the Evangelical Lutheran Good Samaritan Society; the Evangelical Lutheran Good Samaritan Society d/b/a Good Samaritan Campus–Hot Springs Village; and Corinne White, Administrator of Good Samaritan Campus–Hot Springs Village (collectively, the nursing home or appellants).



jurisdiction, we dismiss the appeal.

Vera Kolesar was admitted to the nursing home in March 2009. Her family sought admission because Mrs. Kolesar needed long-term care after falling at home. On April 15, 2009, appellee signed his wife's admission papers in the presence of Linda Gragg, who worked at the nursing home as an admissions coordinator. An arbitration agreement was part of the admissions packet. Vera Kolesar resided at the nursing home until December 2009.

On December 2, 2010, appellee filed suit against appellants, the Good Samaritan Insurance Company, and John Does 1 through 5. Appellee asserted multiple counts, including medical negligence; ordinary negligence; violations of the Arkansas Long Term Care Act; civil liability for felony neglect; premises liability; *res ipsa loquitur*; breach of informed consent; breach of fiduciary duty; breach of contract; and violation of the Arkansas Deceptive Trade Practices Act. Appellee contended that while his wife was a patient at the nursing home, she was a victim of nursing-home negligence, which caused her to lose her personal dignity and suffer extreme unnecessary pain, degradation, anguish, otherwise unnecessary hospitalizations, and emotional trauma. Appellee sought compensatory and punitive damages.

On January 3, 2011, appellants removed the case to federal court, where they filed an answer that denied the complaint's allegations, pled affirmative defenses, and reserved the right to enforce any applicable arbitration agreement. The federal court remanded the case to the Saline County Circuit Court on April 15, 2011, finding that appellants failed to carry their burden of establishing diversity jurisdiction.

On May 19, 2011, appellants filed a motion to compel arbitration, contending that

appellee, on behalf of his wife, signed a binding arbitration agreement when he admitted her to the nursing home. Appellee responded to the motion.[2]

After an evidentiary hearing on the motion to compel, the court took the matter under advisement. On May 21, 2012, the court entered an order denying the motion to compel arbitration. The order stated that the court had announced the decision in open court during an earlier hearing.

On May 29, 2012, appellants filed a motion seeking specific findings of fact and conclusions of law. The circuit court did not rule on the motion, and it was deemed denied on June 28, 2012. On July 20, 2012, appellants filed their notice of appeal.

While the issue on which we decide this case was not raised by either party, we have the duty to raise it on our motion because it is a matter that goes to this court's jurisdiction. *Farm Bureau Mut. Ins. Co. v. Running M Farms, Inc.*, 348 Ark. 313, 72 S.W.3d 502 (2002); *Haase v. Starnes*, 337 Ark. 193, 987 S.W.2d 704 (1999). Whether an appellant has filed an effective notice of appeal is always an issue before the appellate court, and absent an effective notice of appeal, this court lacks jurisdiction to consider the appeal and must dismiss it. *Lindsey v. Green*, 2010 Ark. 118, 369 S.W.3d 1.

Rule 4(a) of the Arkansas Rules of Appellate Procedure–Civil provides that "except as otherwise provided in [subsequent sections] of this rule, a notice of appeal shall be filed within thirty days from the entry of the judgment, decree or order appealed from." Rule

---

[2]The parties dispute whether appellee signed the arbitration agreement and his authority and capacity to act for his wife at the time; however, resolution of that dispute is not necessary for our disposition of this appeal.

3



4(b)(1) provides as follows:

> (b) Extension of time for filing notice of appeal.
>
> (1) Upon timely filing in the circuit court of a motion . . . to amend the court's findings of fact or to make additional findings under Rule 52(b), . . . or any other motion to vacate, alter, or amend the judgment made no later than 10 days after entry of judgment, the time for filing a notice of appeal shall be extended for all parties. The notice of appeal shall be filed within thirty (30) days from entry of the order disposing of the last motion outstanding. However, if the circuit court neither grants nor denies the motion within thirty (30) days of its filing, the motion shall be deemed denied by operation of law as of the thirtieth day, and the notice of appeal shall be filed within thirty (30) days from that date.

Rule 52(a) of the Arkansas Rules of Civil Procedure provides, in part the following:

> If requested by a party at any time prior to entry of judgment in all contested actions tried upon the facts without a jury, the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58 . . . . Requests for findings are not necessary for purposes of review. . . . If an opinion memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein.

Rule 52(b) is entitled "Amendment" and subsection (1) provides that:

> (1) Upon motion of a party made not later than 10 days after entry of judgment, the court may amend its findings of fact or make additional findings and may amend the judgment accordingly. . . . If the court neither grants nor denies the motion within 30 days of the date on which it is filed or treated as filed, it shall be deemed denied as of the 30th day.

Clearly, the motions provided for in Rule 52(a) and Rule 52(b) are quite different motions with different consequences. A Rule 52(a) motion must be filed prior to the date of entry of judgment, while a Rule 52(b) motion may be filed "not later than ten days after entry of judgment." Rule 52(a) is mandatory. *See BPS, Inc. v. Richardson*, 341 Ark. 834, 20 S.W.3d 403 (2000). Rule 52(b) is obviously not mandatory on the circuit court, stating that "the court *may* amend its findings of fact." (Emphasis added.) Rule 4 of the Rules of Appellate

4

Procedure establishes that a motion made under Rule 52(b) will serve to extend the time for the filing of a notice of appeal. No such provision is made for the filing of a motion under Rule 52(a).

The question then becomes whether the motion filed in this case was a Rule 52(a) motion or a Rule 52(b) motion. After examining the motion and its contents, and viewing it in the context of this case, we conclude that it is a motion under Rule 52(a). In so holding, we are guided by our decision in *Arkansas Department of Human Services v. Dix*:

> To explain further, we hold that in both form and substance, DHS's motion was a Rule 52(a) motion. Rule 52(a) provides in part that "[i]f requested by a party at any time prior to the entry of judgment, in all contested actions tried upon the facts without a jury, the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58[.]" In comparison, Rule 52(b) is reserved for motions or requests "made not later than 10 days after entry of judgment" that ask the trial court to amend previously made findings of fact or to make additional findings, which it may do. The Reporter's Notes to the 2004 amendment of Rule 52 state that new wording was added to specifically overrule our appellate decision in *Apollo Coating RCS, Inc. v. Brookridge Funding Corp.*, 81 Ark. App. 396, 103 S.W.3d 682 (2003), which held that a Rule 52(a) motion could be made after entry of the judgment. Because the motion was filed before the entry of the adjudication order, it falls within Rule 52(a). Additionally, DHS's motion itself evidences that it was made pursuant to Rule 52(a). The motion asked for "separate written findings of fact and the conclusions of law," and this wording is only found in subsection (a). DHS's motion also cites to a court of appeals case that deals solely with Rule 52(a). Therefore, the time within which to appeal the adjudication order expired prior to the filing of a notice of appeal.

*Ark. Dep't of Human Servs. v. Dix*, 94 Ark. App. 139, 141–42, 227 S.W.3d 456, 458 (2006) (alteration in orignial). Although appellants cite Rule 52(b), and their motion was filed within ten days of entry of the order denying the motion to compel arbitration, their motion falls squarely within the reasoning of *Dix*. The motion points out that the circuit court failed to make any findings of fact in denying the motion to compel arbitration. Therefore, there were

SLIP OPINION

no findings for a Rule 52(b) motion to amend. Moreover, appellants' motion, like the one in *Dix*, sought "specific findings of fact and conclusions of law" concerning its motion to compel arbitration, Arkansas law, and the circuit court's decision on that motion. As noted in *Dix*, that language is only found in Rule 52(a). Such a motion could not extend the time for the filing of a notice of appeal under Rule 4 of the Rules of Appellate Procedure.

Because appellants' motion for findings of fact and conclusions of law did not toll the time for filing their notice of appeal, they did not file their notice of appeal in a timely manner, and we are without jurisdiction to consider the appeal. Accordingly, we must dismiss the appeal.

Appeal dismissed.

WALMSLEY, J., agrees.

GRUBER, J., concurs.

RITA W. GRUBER, Judge, concurring. I am in agreement that this appeal must be dismissed. The majority correctly notes that a motion using Rule 52(a) language rather than Rule 52(b) language cannot extend the time for filing a notice of appeal.

The circuit court in the present case merely denied the appellants' motion to compel arbitration, leaving the door open for them to present their evidence to a jury. I write to express my concern about what could be a harsh result under slightly different circumstances. In light of this concern, I respectfully suggest that our supreme court consider revisiting Rule 52.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *R.T. Beard* and *Zachary T. Steadman*, for appellants.
*Ludwig Law Firm*, by: *Gene Ludwig*; and *David A. Hodges*, for appellee.