SLIP OPINION

Cite as 2014 Ark. 279

# SUPREME COURT OF ARKANSAS

No. CV–13–1154

THE EVANGELICAL LUTHERAN
GOOD SAMARITAN SOCIETY; THE
EVANGELICAL LUTHERAN GOOD
SAMARITAN SOCIETY D/B/A GOOD
SAMARITAN SOCIETY - HOT
SPRINGS VILLAGE; GOOD
SAMARITAN SOCIETY INSURANCE
COMPANY, LTD.; AND CORINNE
WHITE, IN HER CAPACITY AS
ADMINISTRATOR OF GOOD
SAMARITAN SOCIETY – HOT
SPRINGS VILLAGE

                              **APPELLANTS**

V.

ROBERT KOLESAR, AS ATTORNEY-
IN-FACT FOR VERA KOLESAR

                                **APPELLEE**

Opinion Delivered June 19, 2014

APPEAL FROM THE SALINE
COUNTY CIRCUIT COURT
[NO. CV2010-997-2]

HONORABLE GARY M. ARNOLD,
JUDGE

AFFIRMED; COURT OF APPEALS'
OPINION VACATED.

**KAREN R. BAKER, Associate Justice**

This appeal stems from the appellee, Robert Kolesar ("Robert") filing a medical-malpractice action for injuries allegedly sustained by his wife, Vera Kolesar ("Vera"), while she was a resident at the appellants' nursing home. On December 2, 2010, Robert, as attorney-in-fact for Vera, filed suit in the Saline County Circuit Court against appellants, the Evangelical Lutheran Good Samaritan Society; the Evangelical Lutheran Good Samaritan Society d/b/a Good Samaritan Society - Hot Springs Village; Good Samaritan Society Insurance Company, Ltd.; and Corinne White, in her capacity as Administrator of Good

SLIP OPINION

Samaritan Society – Hot Springs Village ("Good Samaritan").[1]

On December 30, 2010, Good Samaritan removed the case to federal court and asserted that the case was controlled by a valid arbitration agreement. On April 15, 2011, having found that it lacked subject-matter jurisdiction based on lack of diversity of citizenship between the parties, the federal district court remanded the matter to Saline County Circuit Court.

On May 19, 2011, Good Samaritan filed a motion to compel arbitration and for dismissal. On July 13, 2011, Robert responded to the motion to compel arbitration and for dismissal, opposed the motion, and asserted, among other things, that (1) there was not a valid arbitration agreement; (2) Good Samaritan waived its rights to arbitration; (3) the arbitration agreement was impossible to perform because the National Arbitration Forum ("NAF") was referenced and incorporated as an integral term and the NAF is no longer conducting consumer arbitrations; (4) the arbitration agreement was unconscionable; (5) the Federal Arbitration Act ("FAA") does not nullify the application of Arkansas law; (6) the arbitration agreement is illegal because it deprives Vera of her rights reserved under the Arkansas Resident's Rights statute; (7) Robert did not have the authority to waive Vera's right to a jury trial or to enter into agreements on her behalf; (8) there was no consideration for the agreement; and (9) Good Samaritan breached its fiduciary duty to Vera. On July 20, 2011,

---

[1]Kolesar's complaint alleged, among other things, negligence, violations of the Long Term Care Resident's Rights Statute; civil liability for conduct constituting felony neglect of an endangered or impaired adult; premises liability; res ipsa loquitur; breach of informed consent; breach of fiduciary duty; breach of contract; and violations of the Arkansas Deceptive Trade Practices Act.

SLIP OPINION

Good Samaritan replied to Robert's response to its motion to compel arbitration and asserted that the agreement was enforceable and contended that (1) Good Samaritan did not waive its right to compel arbitration; (2) the arbitration agreement is enforceable according to the agreement's terms and the NAF was not an integral term; (3) the arbitration agreement is not unconscionable; (4) the Arkansas Arbitration Act does not preclude arbitration in Vera's case; (5) the Arkansas Resident's Rights Act is not affected as this matter is controlled by the FAA; (6) Robert had sufficient authority to enter into the arbitration agreement for Vera; (7) there is valid consideration for the agreement; and (7) Good Samaritan has not breached its fiduciary duty.

On November 3, 2011, the circuit court conducted a hearing on the motion to compel arbitration. On May 18, 2012, the circuit court conducted a second hearing and summarily denied the motion to compel arbitration. On May 21, 2012, the circuit court entered an order denying the motion to compel. On May 29, 2012, Good Samaritan filed a motion for specific findings of fact and conclusions of law. The circuit court did not rule on the motion and, on June 28, 2012, the motion was deemed denied. On July 20, 2012, Good Samaritan filed a notice of appeal.

From the circuit court's May 18, 2012 denial of its motion to compel arbitration, Good Samaritan appealed to the court of appeals. The court of appeals dismissed the appeal, holding that it did not have appellate jurisdiction because Good Samaritan's notice of appeal was untimely. *Evangelical Lutheran Good Samaritan Soc'y v. Kolesar*, 2013 Ark. App. 723, ___ S.W.3d ___. Good Samaritan petitioned for review, which this court granted, and we

3

SLIP OPINION

accepted jurisdiction of this appeal pursuant to Arkansas Supreme Court Rule l–2(e). When this court grants a petition for review, we treat the appeal as if it had been originally filed in this court. *McNutt v. Yates*, 2013 Ark. 427, ___ S.W.3d ___. Good Samaritan presents one issue on appeal: the circuit court erred in denying Good Samaritan's motion to compel arbitration.

Prior to reaching the merits, as a threshold issue, we first address whether we have jurisdiction of Good Samaritan's appeal from the circuit court's denial of the motion to compel arbitration. *See Hernandez v. Hernandez*, 371 Ark. 323, 265 S.W.3d 746 (2007).

Here, the facts pertinent to jurisdiction are as follows: On May 18, 2012, the circuit court denied Good Samaritan's motion to compel arbitration from the bench during a hearing. On May 21, 2012, the circuit court entered a general denial order denying the motion. On May 29, 2012, after the entry of the judgment, pursuant to Rule 52(b), Good Samaritan filed a timely motion for specific findings of fact and conclusions of law. *See* Ark. R. Civ. P. 52(b) (2013) ("Upon motion of a party made not later than 10 days after entry of judgment, the court may amend its findings of fact previously made or make additional findings and may amend the judgment accordingly.").[2] The circuit court did not rule on the

---

[2]Good Samaritan's motion specifically cites Rule 52(b) and uses language from Rules 52, 52(a), and 52(b). The motion stated in pertinent part:

> Pursuant to Rule 52 of the Arkansas Rules of Civil Procedure, [Good Samaritan] submit[s] their motion for specific findings of fact and conclusions of law. . . . As indicated by Rule 52, "upon a motion of a party made not later than 10 days after the entry of judgment, the court may amend its findings of fact previously made or make additional findings and may amend the judgment accordingly." Ark. R. Civ. P. 52(b)(1).

motion and on June 28, 2012, it was deemed denied. *Id.* ("If the court neither grants nor denies the motion within 30 days of the date on which it is filed or treated as filed, it shall be deemed denied as of the 30th day."). On July 20, 2012, Good Samaritan filed its notice of appeal. *See* Ark. R. App. P.–Civ. 4(b) (2013) ("Upon timely filing in the circuit court of a . . . motion to amend the court's findings of fact or to make additional findings under Rule 52(b), . . . made no later than 10 days after entry of judgment, the time for filing a notice of appeal shall be extended for all parties. . . . [I]f the circuit court neither grants nor denies the motion within thirty (30) days of its filing, the motion shall be deemed denied by operation of law as of the thirtieth day, and the notice of appeal shall be filed within thirty (30) days from that date."). Accordingly, Good Samaritan's notice of appeal was due no later than July 28, 2012. Here, Good Samaritan's notice of appeal was filed on July 20, 2012, and was therefore timely.

For its sole point on appeal Good Samaritan asserts that the circuit court erred in denying its motion to compel arbitration on two general bases with several subpoints on each basis: (1) there was a valid arbitration agreement and (2) the dispute falls within the scope of the agreement.

Having established that this court maintains jurisdiction to review Good Samaritan's

---

Rule 52 "enables the trial court to amplify and clarify its findings." David Newbern, John J. Watkins & D.P. Marshal, Jr., *Arkansas Civil Practice and Procedure*, § 32.8 (5th ed. 2010 )(citing *Matyas v. Feddish*, 4 F.R.D. 385 (M.D. Pa. 1945)). ADD 162.

appeal, we note that Good Samaritan does not address in its initial brief several issues that were presented and ruled on at the circuit court level; including, but not limited to (1) the arbitration agreement is enforceable according to the agreement's terms and the NAF is not an integral term, (2) the arbitration agreement is not unconscionable, (3) Good Samaritan did not breach its fiduciary duty, and (4) there is valid consideration for the agreement. In fact, Good Samaritan addresses these four issues for the first time in its reply brief. However, this court will not address arguments raised for the first time in the appellants' reply brief because the appellee is not given a chance to rebut the argument. *Owens v. State*, 354 Ark. 644, 128 S.W.3d 445 (2003); *Maddox v. City of Ft. Smith*, 346 Ark. 209, 56 S.W.3d 375 (2001).

Further, when a circuit court bases its decision on more than one independent ground, as the circuit court did here when it denied the motion to compel arbitration in its entirety, and the appellant challenges fewer than all those grounds on appeal, we will affirm without addressing any of the grounds. *Duke v. Shinpaugh*, 375 Ark. 358, 290 S.W.3d 591 (2009); *Coleman v. Regions Bank*, 364 Ark. 59, 216 S.W.3d 569 (2005); *Pugh v. State*, 351 Ark. 5, 89 S.W.3d 909 (2002); *Pearrow v. Feagin*, 300 Ark. 274, 778 S.W.2d 941 (1989). Here, the circuit court entered a general denial of Good Samaritan's motion to compel arbitration in its entirety.[3] Because Good Samaritan did not challenge all the grounds that the circuit court

---

[3]The circuit court's May 21, 2012 order in its entirety stated:

1.      The court held a hearing on the Motion to Compel Arbitration, and took testimony, and the parties have submitted their briefs on the issue and, after considering all of the facts, together with the rules, and all the case law applicable to this issue, the court denies the Motion to Compel Arbitration.

relied on in making its decision, we affirm without addressing the merits. Accordingly, we summarily affirm the circuit court's denial of Good Samaritan's motion to compel arbitration.

Affirmed; court of appeals' opinion vacated.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *R.T. Beard* and *Zachary T. Steadman*, for appellants.

*Ludwig Law Firm*, by: *Gene Ludwig*; and *David A. Hodges*, for appellee.

---

2.  The court announced this decision in open court in a hearing on May 18, 2012.

    IT IS SO ORDERED.