
# SUPREME COURT OF ARKANSAS

No. CV–14–7

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION, ORGANIZATION UNITED FOR RESPECT AT WALMART ("OURWALMART"), AND DOES 1-10 **APPELLANTS** | **Opinion Delivered** December 11, 2014 |
| | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. CV-2013-709-4] |
| V. | |
| | HONORABLE JOHN SCOTT, JUDGE |
| WAL-MART STORES, INC.; WAL-MART STORES ARKANSAS, LLC; WAL-MART STORES EAST, LP; WAL-MART REALTY COMPANY; WAL-MART REAL ESTATE BUSINESS TRUST; SAM'S WEST, INC.; AND BEAVER LAKE AVIATION, INC. **APPELLEES** | AFFIRMED. |

**JOSEPHINE LINKER HART, Associate Justice**

In accordance with Rule 2(a)(6) of the Arkansas Rules of Appellate Procedure–Civil, appellants United Food and Commercial Workers International Union, Organization United for Respect at Wal-Mart (an organization of Wal-Mart associates that refers to itself as "OURWalmart"), and Does 1-10, hereinafter "the union," appeal from an order of the Benton County Circuit Court denying their motion to dissolve or modify a stipulated preliminary injunction. The injunction was sought by Wal-Mart Stores, Inc., and other related business entities (Wal-Mart) after the union undertook a campaign of "flash mob" protests at Wal-Mart properties in northwest Arkansas. On appeal, the union argues that the circuit court erred because (1) Wal-Mart failed to prove a likelihood of irreparable harm



because it failed to adduce evidence of any harm and (2) Wal–Mart failed to prove a substantial likelihood of success on the merits because the National Labor Relations Act (NLRA) preempts this lawsuit.

The union's demonstrations essentially consisted of several individuals, wearing lime-green t-shirts entering Wal–Mart stores. There, the demonstrators collected pans and plastic pails. At a predetermined time, the demonstrators gathered at the front of the store and began to sing or chant a song accompanied by rhythmic banging on the pails and pans. They also passed out handbills. The in-store demonstrations lasted approximately three minutes. The demonstrators then gathered outside the store and continued to chant for a few more minutes. These activities continued after Wal–Mart sent the union cease-and-desist letters. The avowed object of these demonstrations was to persuade Wal–Mart to improve working conditions and to stop it from retaliating against associates who advocate for better working conditions. The union filmed the demonstrations and posted them to YouTube.

On March 1, 2013, Wal–Mart filed an unfair-labor-practice (ULP) charge with the National Labor Relations Board (NLRB), asserting that the demonstrations were prohibited by the NLRA. It alleged that the union violated the act by "planning, orchestration, and conducting a series of unauthorized and blatantly trespassory in-store mass demonstrations, invasive "flash mobs," and other confrontational group activities at numerous facilities nationwide." Wal–Mart listed 70 events that were characterized as participants "invading" the store and not immediately leaving when directed. In May 2013, Wal–Mart amended the

charge to remove the trespass allegations so it could pursue relief in state court.[1] The union also filed charges against Wal-Mart.

On May 14, 2013, Wal-Mart filed suit in the Benton County Circuit Court. Although it alleged the tort of trespass, it sought no money damages, only injunctive relief. On June 3, 2013, Wal-Mart petitioned for a temporary restraining order (TRO), and after a brief hearing, the TRO was entered that same day. The day of the TRO hearing, Wal-Mart presented the union with a voluminous quantity of paperwork, including affidavits from the store-management personnel that Wal-Mart wanted to call at the hearing. The union put off the evidentiary hearing for later in the week. The union subsequently agreed to allow the circuit court to convert the TRO into a preliminary injunction. Again, no evidentiary hearing was held. The order recited the "announced stipulation of Plaintiff and Defendants to continue the Temporary Restraining Order entered by the Court on June 3, 2013 as a Preliminary Injunction through the trial on the merits of the above-styled matter." In September, Wal-Mart amended its complaint to add subsidiaries and related business entities as plaintiffs.

On October 4, 2013, the union filed a motion to dissolve or modify the preliminary injunction. It conceded that nothing had changed since the entry of the preliminary injunction. Nonetheless, it asserted, as it had at the hearing on the TRO, that, in accordance with *San Diego Building Trades Council v. Garmon*, 359 U.S. 236 (1959), the state court action

---

[1]It left intact its allegations that the union was attempting to coerce associates by, among other conduct, filming their reactions to the flash-mob demonstrations.



was preempted by Wal–Mart's ULP charge. Wal–Mart answered, asserting first and foremost that the union could not "recant" its stipulation to the preliminary injunction. Wal–Mart asserted that the union was judicially estopped from seeking to dissolve the injunction. It also argued that the state-trespass cause of action was not preempted by the NLRA. Wal–Mart submitted with its brief state trial-court orders and some transcripts of bench rulings from courts in Florida, Maryland, California, and Washington, as well as a case from Texas's court of appeals, where a similar NLRA preemption issue had been considered. Again, no evidence was presented at this hearing.

In ruling from the bench, the circuit court denied the motion to dissolve the stipulated preliminary injunction, noting that it had been entered because the parties had reached an agreement. The circuit court further noted that the issue of a permanent injunction was set to be tried in April 2014. In its written order, the circuit court made no specific findings. It merely recited,

> Based on the Court's review of Defendants' Motion to Dissolve and supporting briefs, Plaintiffs' Opposition to the Motion to Dissolve, and the arguments offered at the hearing by both Plaintiffs and Defendants, the Court being well and sufficiently advised, the Court is persuaded by the arguments advanced by Plaintiffs and accordingly orders that Defendants' Motion to Dissolve should be and hereby is DENIED.

The union appealed.

On appeal, this court reviews matters that traditionally sound in equity, including injunctions, de novo. *United Food & Commercial Workers Int'l Union v. Wal-Mart Stores, Inc.*, 353 Ark. 902, 120 S.W.3d 89 (2003). Decisions to grant or deny an injunction are reviewed for an abuse of discretion. *Id.* However the circuit court's interpretation of law is given no

SLIP OPINION

deference. *Id.* An injunction may be granted if the petitioner shows (1) that it is threatened with irreparable harm; (2) that this harm outweighs any injury which granting the injunction will inflict on other parties; (3) a likelihood of success on the merits; and (4) that the public interest favors the injunction. *Id.*

The union first argues that the circuit court erred in refusing to set aside or modify the preliminary injunction because Wal-Mart failed to prove a likelihood of irreparable harm because it failed to adduce evidence of any harm. For its second point, the union argues that the circuit court erred in refusing to dissolve or modify the preliminary injunction because Wal-Mart failed to prove a substantial likelihood of success on the merits because the NLRA preempts this lawsuit.

We note from the outset that the current injunction is in place because the union stipulated to it, and at the hearing on its motion to dissolve or modify the injunction, the union conceded that nothing had changed. Furthermore, the union asserted in its petition as its grounds for dissolving or modifying the preliminary injunction that Wal-Mart's lawsuit was preempted by the National Labor Relations Act and that Wal-Mart had failed to prove that without the injunction, it would suffer irreparable harm.

In opposing the union's motion to dissolve, Wal-Mart argued to the circuit court multiple reasons why the motion should be denied. Most prominent was its argument that the union's motion to dissolve was barred by judicial estoppel, although Wal-Mart also challenged the merits of the union's preemption argument. In the written order, the circuit court stated only that it was "persuaded by the arguments advanced by [Wal-Mart] and

SLIP OPINION

accordingly orders that [the union's] Motion to Dissolve should be and hereby is DENIED." Accordingly, on appeal, there were at least two bases for affirming the circuit court—Wal-Mart's judicial-estoppel argument and a decision based on the merits of the parties' preemption arguments. The union has addressed only the preemption argument, therefore, we must summarily affirm. *Evangelical Lutheran Good Samaritan Soc'y v. Kolesar*, 2014 Ark. 279, at 6("When a circuit court bases its decision on more than one independent ground, . . . and the appellant challenges fewer than all those grounds on appeal, we will affirm without addressing any of the grounds."). We are mindful that the union does address judicial estoppel in its reply brief; however, we will not address arguments raised for the first time in a reply brief. *Id.*

Affirmed.

Hannah, C.J., and Special Justice JOHN V. PHELPS concur.

CORBIN, J., not participating.

*The Kester Law Firm*, by: *Charles M. Kester*, for appellants.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *Marshall S. Ney* and *Angela C. Artherton*; and *Steptoe & Johnson LLP*, by: *Steven D. Wheeless* and *Douglas D. Janicik*, for appellees.



# SUPREME COURT OF ARKANSAS

No. CV-14-7

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION, ORGANIZATION UNITED FOR RESPECT AT WALMART ("OURWALMART"), AND DOES 1-10 <br> APPELLANTS <br><br> V. <br><br> WAL-MART STORES, INC.; WAL-MART STORES ARKANSAS, LLC; WAL-MART STORES EAST, LP; WAL-MART REALTY COMPANY; WAL-MART REAL ESTATE BUSINESS TRUST; SAM'S WEST, INC.; AND BEAVER LAKE AVIATION, INC. <br> APPELLEES | Opinion Delivered December 11, 2014 <br><br> APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. CV-2013-709-4] <br><br> HONORABLE JOHN SCOTT, JUDGE <br><br> <u>CONCURRING OPINION</u>. |

**JOHN V. PHELPS, Special Justice**

I concur with the Majority opinion but write separately to emphasize that the basis for my concurrence is beyond the language of the majority. I also wish to express my concern about the injunctive order that precipitated this appeal.

Appellees' Motion for Injunctive Relief recites that it is filed pursuant to Rule 65 of the Arkansas Rules of Civil Procedure. Thus, Rule 65 provides the umbrella under which appellees' proof and evidence was submitted. This limitation is consistent with counsel's acknowledgment at oral argument that the relief sought in Arkansas courts must be referenced to the law of this state. In short, I believe that appellees are not entitled to relief outside the evidentiary demands of Rule 65 and our precedents which interpret the sufficiency of Rule 65 evidence. Accordingly, and

SLIP OPINION

despite the stipulations, it would have been preferable for the circuit court's orders to have specified the factual references to those acts and threatened acts which it found to be irreparably damaging and likely to result in a successful trial outcome for appellees. Instead, the operative preliminary injunction merely described generic prohibited conduct without any explanation of what it was about the prohibited conduct, for instance "picketing," that brought it within the scope of Rule 65. This omission is not merely technical or academic.

At oral argument, appellees again referenced *Lechmere v. NLRB*, 502 U.S. 527 (1992). That case began when the union filed an unfair labor practices charge with the NLRB claiming that Lechmere had violated the National Labor Relations Act by barring non-employee organizers from its property. Appellees asserted in their brief that the *Lechmere* decision limited NLRA preemption in arguably federally protected accessibility cases to situations in which the employees are otherwise inaccessible, i.e., where the union has no other realistic access to the employees other than to engage in the complained-of conduct.

The *Lechmere* precedent was not invoked by appellees as the basis for their petition in our courts. Yet, the generic language of the order granting the preliminary injunction is broad enough to be authorized by *Lechmere* without the need for Rule 65. This is because *Lechmere* contains no requirements of irreparable harm, or indeed any harm. Thus, standing alone the circuit court's injunctive order might lead one to conclude that its reach is much broader than the limitations of Rule 65.

The interplay between *Lechmere* and our state Rule 65 is not within the focus of this appeal. Yet, my concurrence in the result does not assuage my concerns that the circuit court's orders might be interpreted, or argued, to mean more than I believe they do. It is clear from the appellate record

2

SLIP OPINION

as a whole that the justifications for appellees' injunction were the actions that the enjoined parties committed upon the appellees' premises, and that mere presence alone was not the proximate motivation for appellees' claims for relief under Rule 65. Therefore, I concur that the circuit court ruled appropriately based on the stipulation and facts presented, but call attention to the limitations of the injunctive orders standing alone.