Josephine Linker Hart, Justice, concurring in part and dissenting in part. I join the majority’s opinion except where it undertakes the job of rewriting the permanent injunction. I agree that, as written, the permanent injunction is over-broad. However, I believe that this court errs when it does not remand this case to the circuit court to narrow the scope of the injunction. I ^The language selected by the majority was gleaned from the preliminary injunction, which is the same as Wal-Mart’s temporary restraining order. This method of rewriting the injunction gives appellees everything they wanted without an adversarial hearing. Recall that the preliminary injunction was acquiesced to by the union only because it was unable to get its legal team to the preliminary-injunction hearing. Recall also that the union’s subsequent attempt to challenge the preliminary injunction was rebuffed by the circuit court because the union did not allege any changed circumstances, and this court affirmed on procedural grounds without addressing the merits on appeal. United Food & Commercial Workers Int’l Union v. Wal-Mart Stores, Inc., 2014 Ark. 517, 451 S.W.3d 584. How the language selected by the majority narrows the scope of the injunction is not apparent to me. Further, picketing, patrolling, parading, demonstrations, hand billing, and solicitation are all protected activities under the right circumstances. It behooves this court to return this case to the circuit court where an order that clearly does not run afoul of the National Labor Relations Act can be crafted with the assistance of the litigants.