Cite as 2021 Ark. App. 380

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-20-533

|  |  |  |
|---|---|---|
| DAVID HOUSE | | **Opinion Delivered** October 6, 2021 |
| | APPELLANT | APPEAL FROM THE OUACHITA COUNTY CIRCUIT COURT [NO. 52DR-18-208] |
| V. | | |
| | | HONORABLE DAVID F. GUTHRIE, JUDGE |
| KARMEN HOUSE | | |
| | APPELLEE | REVERSED AND REMANDED |

## LARRY D. VAUGHT, Judge

David Brad House ("Brad") appeals the Ouachita County Circuit Court's order granting Karmen House custody of the couple's daughter, K.H. Brad argues that the circuit court failed to make necessary findings of fact and conclusions of law following his written requests for such findings. We reverse and remand for the court to enter findings of fact and conclusions of law pursuant to Rule 52 of the Arkansas Rules of Civil Procedure.

Brad and Karmen were married in February 2015, and K.H. was born the same year. The couple separated in August 2018, and Karmen filed for divorce. They agreed to a temporary joint-custody order in January 2019 whereby K.H. split her time equally between both parents.

The circuit court held a hearing in December 2019 at which the parties presented evidence and argument regarding custody, child support, and other issues related to the divorce. The circuit court issued a letter opinion the next month that stated it was maintaining

joint custody but that Karmen would have "primary possession" of K.H., and Brad would be allowed only minimal visitation. In the letter, the court noted that K.H., who was five years old at the time, needed stability in her life. The letter directed Karmen's attorney to prepare an order.

After the letter opinion was issued but before the court's subsequent order was entered, Brad, through his legal counsel, twice requested that the court issue written findings of fact and conclusions of law pursuant to Rule 52. Brad made these requests via letters sent to the court. He did not file a motion requesting findings of fact.

On May 21, 2020, four months after its letter, the circuit court entered a written order giving Karmen physical possession of K.H. and awarding Brad visitation about 15 percent of the time. The court did not make findings of fact or conclusions of law. This timely appeal followed.

Rule 52 of the Arkansas Rules of Civil Procedure states:

(a)(1) *Effect.* If requested by a party at any time prior to entry of judgment, in all contested actions tried upon the facts without a jury, the court shall find the facts specially and state separately its conclusion of law thereon, and the judgment shall be entered pursuant to Rule 58; . . . Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous (clearly against the preponderance of the evidence), and due regard shall be given the opportunity of the circuit court to judge the credibility of the witnesses.

Karmen argues that Brad failed to properly request findings of fact under Rule 52(a)(1) because he did not file a motion asking the court to enter such findings. On its face, Rule 52(a)(1) does not require a motion; it says that the court must issue such findings "if requested." Karmen argues that the motion requirement found in Rule 7(b)(1) of the Arkansas Rules of Civil Procedure mandates that any request pursuant to Rule 52(a)(1) must be in the form of a

motion. We disagree. Rule 7(b)(1) is applicable only to a party's application "for an order," which is not the relief Brad was seeking. Moreover, there is no indication that the drafters of the Arkansas Rules of Civil Procedure intended Rule 7(b)(1) to control over the plain and specific language of Rule 52(a)(1). Finally, Brad correctly notes that a different part of Rule 52, subsection 52(b)(1), requires a motion for requesting amended or additional findings of fact. Clearly, the drafters could have similarly stated that a motion was required to request initial findings of fact and conclusions of law under subsection 52(a)(1), but they chose not to do so, possibly because such requests are often made verbally in open court. Therefore, we reject Karmen's argument that Brad failed to properly request findings of fact and conclusions of law; he satisfied the requirements of Rule 52 by requesting such findings. For the same reason, we also reject Karmen's contention that Brad failed to preserve the Rule 52 issue for appeal by failing to file a motion and obtain a ruling. Brad adequately raised this issue below by submitting clear and unequivocal requests for the court to issue findings of fact and conclusions of law, and such a request is all that is required under the rule.

We are also unpersuaded by Karmen's argument that the letter opinion, which was issued before Brad requested findings of fact and conclusions of law, satisfies the rule. Brad submitted two written requests *after* the court issued its letter opinion, clearly indicating that he was unsatisfied with the findings contained therein. In *McWhorter v. McWhorter*, 70 Ark. App. 41, 42, 14 S.W.3d 528, 529 (2000), we explained that "[i]f findings under Rule 52(a) are timely requested, the trial court is required to make specific findings of fact and conclusions of law and to file the same with the clerk of the trial court so that such findings may be made part of the record." Therefore, Rule 52 and our case law leave no room for discretion; once a request

3

for findings is made, the court is obligated under Rule 52(a)(1) to specially set out its findings of fact and conclusions of law. While the court could have responded to Brad's request by referencing the findings it had previously made in its letter opinion, it instead ignored the request and failed to respond in any way. By remaining silent as to the findings of fact and conclusions of law that Brad properly requested, the court effectively cut off Brad's ability to use the process outlined in Rule 52 to challenge the sufficiency of the court's reasoning and seek amended or additional findings if he deemed the court's explanation inadequate.

Reversed and remanded.

GRUBER and WHITEAKER, JJ., agree.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

*R. Victor Harper* and *Robert S. Tschiemer*, for appellee.