BART F. VIRDEN, Judge *535 Denise Bambico appeals the Ouachita County Circuit Court's decision to grant summary judgment and dismiss her complaint. While the appeal was pending, Ouachita Industries, Inc. ("Ouachita"), filed a motion to strike Bambico's brief or dismiss the appeal. We affirm the circuit court's decision, and we deny Ouachita's motion to strike or dismiss.
On July 1, 2014, Mary Henderson was injured on Ouachita's business premises. Henderson died on September 28, 2015. On November 13, 2015, Henderson's estate was briefly opened to divide her property among her heirs. It was noted in the affidavit for collection of small estate that no personal representative of the decedent's estate had been appointed. The estate was closed.
On June 28, 2017, the circuit court entered an order opening the estate and appointing Denise Bambico as the administratrix. On June 29, 2017, a complaint was filed in the circuit court against Ouachita for compensatory damages for physical injuries, disability, pain and suffering, and mental anguish as well as for punitive damages. The caption of the case designates "The Estate of Mary Henderson" as the plaintiff, and the second paragraph of the body of the complaint sets forth that "Plaintiff is the personal representative of the Estate of Mary Henderson[.]" The circuit court order from the day before declaring Bambico the administrator of the estate was not attached to the complaint.
On October 6, 2017, Ouachita responded that the complaint should be dismissed because no facts were alleged to support the claim. Ouachita also asserted that the estate lacked standing to bring the suit because the estate had been closed on November 13, 2015, and no personal representative of the estate had been appointed. Ouachita contended that, due to the lack of an effective estate and the failure to appoint a personal representative with standing to file a survivor action, the complaint was a nullity. Ouachita filed a motion for summary judgment on October 13, 2017, based on its contention that the complaint was a nullity, and Ouachita also argued that the statute of limitations barred any plaintiff from filing a complaint.
Ouachita responded that the complaint had not been brought in the name of the administrator and that because Arkansas Code Annotated section 16-62-101 (Repl. 2005) dictates that the personal representative of the estate is the proper party to bring a survival action, the complaint was a nullity.
On November 29, 2017, an amended complaint was filed. Again, the style of the case named the "Estate of Mary Henderson" as the plaintiff, and this time the first paragraph of the complaint read "COMES NOW, Plaintiff, Estate of Mary Henderson, by her personal representative, Administratrix, Denise Bambico[.]"
*536 The circuit court awarded summary judgment based on the survival statute, Arkansas Code Annotated section 16-62-101, which sets forth that only an administrator or an executor may bring a survival action. The circuit court found that the complaint was not filed in the name of the personal representative of the estate, and the estate did not have standing to file. The circuit court further found that the statute of limitations had expired, and any substitution of parties was barred.
A timely notice of appeal was filed. The caption of the notice reads "Estate of Mary Henderson," and in the body of the notice, Bambico states that she is filing the notice of appeal as the administrator of the estate. On May 31, 2018, Ouachita filed a motion to strike Bambico's brief pursuant to Rule 11 of the Arkansas Rules of Appellate Procedure-Civil, which imposes sanctions for taking or continuing frivolous appeals. Ouachita asserts that Bambico "had no reasonable basis for believing that the Arkansas appellate courts might permit a previously-unnamed party, Denise Bambico, to file an appeal." Ouachita also argued that there was nothing in the record to authorize an amendment to the parties in the case; thus, Bambico's brief should be struck, or the appeal dismissed.
On appeal, Bambico asserts that the circuit court erred in granting summary judgment. She contends that her name was inadvertently left off the original complaint, and the amended complaint corrected this oversight; thus, under Arkansas Rules of Civil Procedure 15(c) and 17(a), the amended complaint relates back to the original filing. The issue Bambico presents for review has not been preserved because she failed to raise the issue of relation back to the circuit court or to obtain a ruling on the matter. It is well settled that this court will not consider arguments raised for the first time on appeal. Rhuland v. Fahr , 356 Ark. 382, 388, 155 S.W.3d 2, 6 (2004). We affirm.
We deny Ouachita's motion to strike or dismiss the appeal. Rule 11(b) of the Arkansas Rules of Appellate Procedure-Civil, sets forth that our court "shall impose a sanction upon a party or attorney or both for (1) taking or continuing a frivolous appeal or initiating a frivolous proceeding[.]" Ark. R. App. P.-Civ. 11. Rule 11(b) defines a frivolous appeal or proceeding as one that has no reasonable legal or factual basis. Id. ; see Stilley v. Hubbs , 344 Ark. 1, 6-A, 40 S.W.3d 209, 213 (2001), (supplemental opinion on denial of rehearing). The primary purpose of Rule 11 sanctions is to deter future litigation abuse. Elder v. Mark Ford & Assocs. , 103 Ark. App. 302, 303, 288 S.W.3d 702, 703 (2008). Though Ouachita contends that Bambico had no reason to believe that she would be successful on appeal, she clearly believed that because she was timely appointed as the personal representative of the estate and had standing to file the complaint, she might prevail. Furthermore, we do not believe future litigation abuse is a potential issue here.
Affirmed; motion to strike or dismiss denied.