Cite as 2024 Ark. App. 275

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CV-22-188

|  |  |
|---|---|
| IN THE MATTER OF THE ESTATE OF EUNICE FAYE SMITH, DECEASED | Opinion Delivered April 24, 2024 |
| LLOYD SMITH AND DERRELL SMITH APPELLANTS/CROSS-APPELLEES | APPEAL FROM THE LITTLE RIVER COUNTY CIRCUIT COURT [NO. 41PR-17-1] |
| V. | HONORABLE VANN SMITH, JUDGE |
| MARTIN SMITH AND ALWIN SMITH APPELLEES/CROSS-APPELLANTS | |
| | AFFIRMED ON DIRECT APPEAL; AFFIRMED ON CROSS-APPEAL |

**RITA W. GRUBER, Judge**

This is the second appeal in this probate case involving a protracted dispute among three brothers, appellants Lloyd Smith and Derrell Smith and appellee Martin Smith, over real estate owned by their late mother, Eunice Smith, who died on December 17, 2016.[1] In 2010, Eunice executed a will leaving all her real property to her youngest son, Martin, on the condition that he would pay his older brothers, Lloyd and Derrell, the sum of $10,000 each. In 2012, Eunice executed a special warranty deed that transferred the property to Martin and his wife, Sonja, as tenants by the entirety. In 2014, Martin and Sonja executed a warranty deed that transferred 99 percent of their interest in the property back to Eunice and retained

---

[1]Appellee Alwin Smith (unrelated to Eunice Smith's family) was appointed to serve as special administrator of the estate following the first appeal.

the remaining 1 percent interest for themselves. A "survivorship agreement" attached to this warranty deed provided that Eunice, Martin, and Sonja thereafter owned the property "in the same manner as joint tenants with right of survivorship" and that, upon Eunice's death, her 99 percent interest would transfer to Martin and Sonja. Martin, as Eunice's attorney-in-fact, signed the survivorship agreement on her behalf.

Lloyd and Derrell successfully challenged the 2010 will and subsequent conveyances in the probate proceedings. The circuit court ruled that the will was the product of undue influence and set it aside and imposed a constructive trust on the real property in favor of Eunice's estate. In the first appeal, we affirmed the circuit court's order setting aside the will but reversed and remanded its order imposing the constructive trust. *In re Est. of Smith*, 2020 Ark. App. 113, at 1–2, 597 S.W.3d 65, 68.

On remand, Lloyd and Derrell, for the first time, contested the legal effect of the 2014 deed and survivorship agreement as to title in the property. The circuit court granted summary judgment in favor of Martin, concluding that relitigation of the issue was barred by the doctrines of law of the case and res judicata.

On appeal, Lloyd and Derrell argue that the circuit court erred by granting summary judgment in favor of Martin. On cross-appeal, Martin contends that certain "verbiage" in the circuit court's order should be set aside under the doctrine of law of the case. Since filing their notice and cross-notice of appeal, the parties have filed multiple motions for sanctions. We find no merit in any of the arguments presented. Accordingly, we affirm on direct appeal and on cross-appeal, and we deny the parties' sanctions motions.

The bulk of the relevant facts are summarized in our decision in the first appeal. *Smith*, 2020 Ark. App. 113, at 1–11, 597 S.W.3d at 68–73. In 2006, Eunice and her husband, Lloyd Sr., executed a will that bequeathed ownership of their real property to their three sons equally as tenants in common. After Lloyd Sr. died in 2009, Eunice executed a power of attorney appointing Martin as her attorney-in-fact. On May 27, 2010, she executed a will that appointed Martin as her executor and left the real property solely to Martin on the condition that he pay $10,000 to Lloyd and Derrell within six months of her death. Also in 2010, Eunice began showing signs of dementia. In 2011, she suffered a severe stroke, after which she began living with Martin and Sonja, who served as her primary caretakers.

In March 2012, Eunice executed a deed that transferred her real property to Martin and Sonja outright. In 2014, due to Eunice's deteriorating health, she was placed in a long-term nursing care facility, after which Martin and Sonja executed a warranty deed transferring 99 percent of their interest in the property back to Eunice and retaining a 1 percent interest subject to a survivorship agreement attached to the deed. This was done so that Eunice could receive financial assistance from the Arkansas Department of Human Services (DHS) Medicaid program without incurring a substantial penalty as a result of the 2012 gift transfer of real property. As stated, Martin signed the survivorship agreement, as Eunice's attorney-in-fact, on her behalf.

Eunice died on December 17, 2016. Her last will executed on May 27, 2010, was admitted to probate, and Martin was appointed as executor of the estate. On February 2, 2017, Lloyd and Derrell filed a petition contesting the will and the probate order, alleging

that Eunice "was unduly influenced" by Martin and "lacked testamentary capacity to execute the will in question." On March 21, 2017, DHS entered an appearance and filed a claim against Eunice's estate for approximately $85,000. On July 10, 2017, Derrell filed a petition for constructive trust, alleging that the 2010 will and subsequent conveyances were the product of Martin's undue influence, which was "aided by Eunice's declining health and mental incompetency." He claimed that Martin engaged in self-dealing and breached a fiduciary duty he owed to Eunice by using his power of attorney to acquire title to the property with a survivorship interest. DHS thereafter filed a pleading in which it contested the validity of the 2014 conveyance, arguing that Eunice's 99 percent interest in the real property belonged to her estate and not to Martin and Sonja by virtue of the 2014 deed and survivorship agreement.

At an April 23, 2018 hearing, the circuit court heard extensive testimony regarding the 2014 conveyance. Attorney Lisa Shoalmire testified that, for eldercare and estate-planning purposes, she advised Martin and Sonja that the 2012 deed in which Eunice gifted her real property was likely to result in a substantial Medicaid penalty. To get around this issue, she prepared a deed with an incorporated survivorship agreement in which Martin and Sonja transferred 99 percent of their interest back to Eunice and owned the remaining 1 percent as joint tenants with right of survivorship. Shoalmire explained that Martin and Sonja did not receive any monetary benefit from the 2014 deed because "the benefit had been bestowed on them back in 2012 with the original gift so there was no change in the

4

position of any of the parties." In addition, an attorney Medicaid expert, Amanda Jarvis, testified that she saw no issues with the 2014 deed and survivorship agreement.

Following the hearing, the circuit court entered an order invalidating the 2010 will and imposing a constructive trust on the real property. Martin appealed to this court, arguing that the circuit court erred (1) by rejecting his statute-of-limitations defenses to the challenges to the 2012 and 2014 deed conveyances; (2) by allowing testimony about a 2006 will that Eunice and Lloyd Sr. executed; (3) by allowing testimony about expenditures from Eunice's account before her death; and (4) by ruling that he failed to rebut the presumption of undue influence attending to the execution of Eunice's last will. We agreed that the action for a constructive trust, based on claims of unjust enrichment and breach of fiduciary duty, was filed more than three years after the claims accrued; thus, it was time-barred under Arkansas Code Annotated section 16-56-105 (Repl. 2005). Accordingly, we "reverse[d] and remand[ed] the order imposing the constructive trust." *Smith*, 2020 Ark. App. 113, at 16, 597 S.W.3d at 75. However, we affirmed the circuit court's ruling that Martin failed to rebut the presumption of undue influence in procuring the probated will. *Id.* at 22–23, 597 S.W.3d at 78.

Following our remand, the probate proceedings continued. Relevant to this appeal, on December 21, 2020, Lloyd and Derrell filed a joint motion to interpret the 2014 deed and survivorship agreement.[2] In the motion, they contested the legal effect of the

---

[2]Lloyd and Derrell withdrew a previously filed joint motion to set aside the deed on grounds of fraud. Martin's first postappeal motion for summary judgment addressed this

conveyance, arguing that the 2014 deed should be construed, under Arkansas law, as creating a tenancy-in-common relationship between Eunice (as to a 99 percent interest) and Martin and Sonja (collectively as to a 1 percent interest). In support, they submitted the affidavit of real estate attorney J. Cliff McKinney, who opined that the survivorship agreement attached to the 2014 deed failed to create a joint tenancy and instead vested title to Eunice as a tenant in common with Martin and Sonja because (1) the common law requires the four unities of interest, time, title, and possession to create a joint tenancy; (2) the survivorship agreement is not properly executed or acknowledged; and (3) Arkansas law creates a presumption in favor of a tenancy in common when there is uncertainty and ambiguity.

On January 4, 2021, Martin moved for summary judgment, raising the affirmative defenses of statute of limitations, law of case, and res judicata to Lloyd and Derrell's new deed challenge. Martin asserted that, prior to the first appeal, DHS had challenged the 2014 deed and survivorship agreement on the same grounds raised by Lloyd and Derrell. He noted that, in its July 2018 order, the circuit court found that an enforceable joint right of survivorship was created by the 2014 deed, albeit for the purpose of avoiding Medicaid and probate issues, and that no cross-appeal was filed from that finding.

---

motion and raised the same affirmative defenses of law of the case, res judicata, and statute of limitations that he raised in his second postappeal motion for summary judgment, which addressed the joint motion to interpret the 2014 deed and survivorship agreement.

6

At a November 15, 2021 hearing, the parties argued their respective positions. On December 3, 2021, the circuit court entered an order granting summary judgment in favor of Martin, ruling as follows:

> [T]he issue of the interpretation of the deeds and survivorship agreement could have been raised at the same time that Lloyd and Derrell Smith sought a constructive trust over the real property at issue in this case. The 2012 deed and the 2014 deed, as well as the survivorship agreement, were all known by the parties. Instead of pursuing a different interpretation of the deed and survivorship agreement, Lloyd and Derrell elected to pursue the request for a constructive trust.
>
> The trial court had a final hearing on Lloyd and Derrell Smith's request for a constructive trust, and, in fact, ruled in their favor. [DHS] attempted to raise the issue of interpretation of the 2014 deed and survivorship agreement but it failed to obtain an order allowing its intervention in the case. Clearly, Lloyd and Derrell Smith could have raised this issue at the same time [they] sought a constructive trust.
>
> This Court finds that there are no material facts in dispute, and that summary judgment in favor of Martin Smith is proper. The Court further finds that the defenses of res judicata and law-of-the-case control.

Accordingly, the court concluded "that the issue of the real property is resolved and shall be placed in the name of Martin and Sonja Smith." This timely appeal and cross-appeal followed.

## I. *Standard of Review*

Probate cases are reviewed de novo on the record; however, the decision of the circuit court will not be reversed unless it is clearly erroneous. *Farrow v. Fuller*, 2017 Ark. App. 144, at 4, 515 S.W.3d 652, 654. A finding is clearly erroneous when, although there is evidence

7

to support it, the appellate court is left, on the entire evidence, with the firm conviction that a mistake has been made. *Id.*

Summary judgment should be granted only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *O'Marra v. MacKool*, 361 Ark. 32, 35, 204 S.W.3d 49, 51 (2005). We evaluate the appeal of a grant of summary judgment in light of the evidence presented, and the burden rests on the moving party. *Cooper Realty Invs., Inc. v. City of Bentonville*, 2022 Ark. App. 155, at 3, 643 S.W.3d 816, 819. If summary judgment was granted on a question of law, we review all the pleadings and evidence de novo and give no deference to the circuit court's ruling. *Id.* at 4, 643 S.W.3d at 819.

II. *Discussion*

On appeal, Lloyd and Derrell argue that the circuit court erred by concluding that the doctrines of law of the case and res judicata precluded its consideration of their deed challenge on remand following our reversal of the circuit court's July 5, 2018 order imposing the constructive trust. In its December 3, 2021 order, the circuit court found that the same challenge "had already been presented to the trial court prior to the hearing on the merits in 2018." The court concluded that Lloyd and Derrell could have raised the same argument in the circuit court and on appeal, noting both the circuit court's and this court's acknowledgements that DHS had "raised a similar argument challenging the interpretation

8

of the 2014 deed and survivorship agreement <u>prior</u> to the appeal."[3] Instead, they elected to file an action for a constructive trust based on claims of breach of fiduciary duty and unjust enrichment.

Lloyd and Derrell maintain that because they prevailed initially in their action for a constructive trust, they were not required to raise an "alternative" challenge to the 2014 deed. They further contend that, on remand, the circuit court was free "to do what it had to do anyway: interpret the deed and decide where the property should go." We disagree.

In the first appeal, we reversed and remanded the circuit court's order imposing a constructive trust on statute-of-limitations grounds. As counsel for Lloyd and Derrell acknowledged at the oral argument, our remand did not include specific instructions. Rather, it was a general remand, allowing the circuit court to conclude the probate proceedings and close the estate, as is common in probate appeals, which often arise at the interlocutory stage. *See In re Est. of Stinnett*, 2011 Ark. 278, at 4, 383 S.W.3d 357, 359 (noting that under Arkansas Rule of Appellate Procedure–Civil 2(a)(12) and Arkansas Code Annotated section 28-1-116, virtually all orders in probate cases are immediately appealable). It did not, however, provide an opportunity for Lloyd and Derrell to contest the conveyance on grounds that they did not assert in the first instance.

---

[3]We noted in the first appeal that DHS entered an appearance and filed a pleading in which it asserted that Eunice's 99 percent interest in the real property belonged to her estate and not to Martin and Sonja by virtue of the survivorship agreement. *Smith*, 2020 Ark. App. 113, at 4 n.1, 597 S.W.3d at 69 n.1. We also noted that the circuit court made an oral order allowing DHS to intervene, but the record did not contain a written order, and DHS did not file a brief in the appeal. *Id.*

On remand, the circuit court, as it correctly recognized, was "vested with jurisdiction only to the extent conferred by [this] court's opinion and mandate." *Turner v. N.W. Ark. Neurosurgery Clinic, P.A.*, 91 Ark. App. 290, 297, 210 S.W.3d 126, 133 (2005). We have long held that neither new proof nor new defenses may be raised after remand when they are inconsistent with the appellate court's first opinion and mandate. *Id.* "[T]o allow such to occur undermines the finality of this court's decision and denies closure on matters litigated." *Id.* at 298, 210 S.W.3d at 133 (citations omitted).

The "mandate rule" is a "sub-species" of the law-of-the-case doctrine, under which the appellate court's decision "establishes the law of the case for the trial court upon remand and for the appellate court itself upon subsequent review and is conclusive of every question of law and fact previously decided in the former appeal, and also of those that could have been raised and decided in the first appeal but were not presented." *Id.* Law of the case also prevents consideration of arguments that could have been made at trial but were not presented. *Id.* at 299, 210 S.W.3d at 134. Additionally, "[w]hen there is no cross-appeal, the order from which [a] cross-appeal is not taken becomes the law of the case." *Pro-Comp Mgmt., Inc. v. R.K. Enters., LLC*, 366 Ark. 463, 466, 237 S.W.3d 20, 22 (2006) (quoting *Clemmons v. Office of Child Support Enf't*, 345 Ark. 330, 351, 47 S.W.3d 227, 241 (2001)).

In its July 5, 2018 order, the circuit court rejected DHS's title challenge and concluded that the 2014 deed created an enforceable right of survivorship. Having found that Martin and Sonja acquired legal title to the property through that conveyance, the court considered and ultimately granted Lloyd and Derrell's request for a constructive trust in

10

favor of the estate. The remedy of a constructive trust comes into play only after a person has acquired *legal title* to property, albeit under circumstances that result in a finding that "the beneficial interest should not go with the legal title." *Gregory v. Gregory*, 2013 Ark. App. 57, at 2, 425 S.W.3d 845, 846. Lloyd and Derrell did not challenge the validity of title in Martin and Sonja. Instead, they challenged the manner in which that title had been acquired by electing to pursue the remedy of a constructive trust. As Martin points out, they also did not file a notice of cross-appeal from the circuit court's finding that Martin and Sonja had acquired legal title.

We agree that Lloyd and Derrell could have challenged the validity of title as an "alternative" theory at the same time they sought a constructive trust, just as DHS did. Our reversal of the constructive trust in the first appeal, moreover, did not reopen the issue of interpretation of the 2014 deed on remand. In electing to pursue only the remedy of constructive trust, Lloyd and Derrell assumed that the 2014 deed and survivorship agreement vested legal title solely in Martin and Sonja upon Eunice's death, leaving the estate with no interest in the property. *See Farrow*, 2017 Ark. App. 144, at 4–5, 515 S.W.3d at 656 ("When a joint tenant dies and is survived by other joint tenants, title to the real estate passes by operation of law to the survivor or survivors."). The circuit court found that Martin and Sonja held legal title as joint tenants with survivorship rights, thereby rejecting the argument raised by DHS. Lloyd and Derrell did not challenge this finding. Accordingly, we cannot say that the circuit court erred by ruling that the belated-deed challenge was barred under the

11

law-of-the-case doctrine. Therefore, we affirm the circuit court's order granting summary judgment in favor of Martin.

Martin's cross-appeal is easily resolved. Martin "takes issue" with statements in the circuit court's December 3, 2021 order that he "used undue influence over his mother in creating this entire scenario." He asks that this "verbiage" be set aside under the law-of-the-case doctrine. However, he failed to preserve this issue by raising it in the circuit court. *See Priesmeyer v. Huggins*, 2021 Ark. App. 410, at 9 n.5, 637 S.W.3d 274, 280 n.5 (holding that appellate court lacked jurisdiction to address appellee's argument when no cross-appeal was filed and noting also that the arguments were not preserved due to appellee's failure to raise them below). Moreover, at the oral argument, his counsel conceded that the "verbiage" at issue is merely dictum that has no effect on the judgment. *See Mehaffy v. Clark*, 2022 Ark. App. 268, at 5 n.6, 646 S.W.3d 651, 653 n.6 (noting cross-appeal is considered abandoned when brief asks for no affirmative relief). Indeed, "obiter dictum is mere comment and not a decision of the court, and therefore not binding as the law of the case under res judicata." *Clemmons*, 345 Ark. at 348, 47 S.W.3d at 238. Accordingly, we reject Martin's argument on cross-appeal.

Finally, we turn to the multiple sanctions motions. On March 30, 2022, Martin filed his first motion for sanctions, arguing that "[t]here can be no reasonable purpose to the filing of this appeal. Even if the Decedent's house is brought back into the probate estate, the claim of [DHS] and the Special Administrator will clearly dispose of all the moneys derived therefrom." As such, he contends that delay can be the only reason for Lloyd and Derrell's

appeal. Lloyd and Derrell countered, noting that the motion failed to cite any legal authority, failed to include citations to the record to show that the appeal had been prosecuted merely for the purpose of delay, and failed to otherwise comply with Arkansas Supreme Court Rule 6-2(b). Martin thereafter filed an amended motion for sanctions that included some record citations. On May 24, 2022, Lloyd and Derrell filed their motion for sanctions alleging that Martin's motions were intended to harass and needlessly increase litigation costs and requesting costs and fees associated with the preparation and filing of multiple responses—a total amount of $1,877.50—pursuant to Arkansas Rule of Appellate Procedure–Civil 11(c). Martin subsequently filed a motion to strike Lloyd and Derrell's motion.

Rule 11(b) of the Arkansas Rules of Appellate Procedure–Civil provides, in pertinent part, that the court "shall impose a sanction upon a party or attorney or both for: (1) taking or continuing a frivolous appeal or initiating a frivolous proceeding, . . . (3) prosecuting an appeal for purposes of delay . . ., and (4) . . . an improper purpose, . . . to cause unnecessary delay or needless increase in the cost of litigation." A frivolous appeal or proceeding is one that has no reasonable legal or factual basis. *See also Bambico v. Ouachita Indus., Inc.*, 2018 Ark. App. 537, at 4, 564 S.W.3d 534, 536. The primary purpose of Rule 11 sanctions is to deter future litigation abuse. *Id.*

We cannot say that the present appeal is frivolous or prosecuted solely for the purposes of delay. And although this is the second appeal in this probate case spanning several years, we do not find that "future litigation abuse" is a significant concern here. *Id.* at

13

5, 564 S.W.3d at 536. Accordingly, we deny the motions for sanctions and the motion to strike.

Affirmed on direct appeal; affirmed on cross-appeal.

GLADWIN and KLAPPENBACH, JJ., agree.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellants/cross-appellees.

*Eckhart Alford, P.L.L.C.*, by: *Fredye Long Alford*, for appellees/cross-appellants.