Cite as 2024 Ark. App. 484

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-23-10

| | |
|---|---|
| SHIRLEY CRAIN<br><div align="right">APPELLANT</div><br><br>V.<br><br><br>R. RAY FULMER II, ADMINISTRATOR CTA OF THE ESTATE OF H.C. "DUDE" CRAIN, DECEASED<br><div align="right">APPELLEE</div> | Opinion Delivered October 9, 2024<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NO. 66FPR-20-137]<br><br>HONORABLE GREG MAGNESS, JUDGE<br><br>AFFIRMED |

## N. MARK KLAPPENBACH, Judge

This is an appeal of a 2022 probate order that denied appellant Shirely Crain's motion to declare invalid the purported business operations of appellee R. Ray Fulmer II, the administrator of the estate of Crain's deceased husband, H.C. "Dude" Crain, Jr. We affirm.

Shirley and Dude married in 1989. Shirley has an adult son from her first marriage, and Dude has four adult daughters from his first marriage. Dude executed a will in 1993 in which Shirely was named as sole beneficiary, but that will was revoked by a subsequent will executed in April 2012. The 2012 will provided for Shirley but also had provisions for their adult children. Dude died in 2017. Shirley did not attempt to open an estate and instead ran her husband's business interests, kept the assets as her own, and paid herself from the assets.

In 2020, Dude's daughters sought to open their father's estate in circuit court. Although Shirley was nominated in the will to be the executor of the will and the trustee of any trust created via the will, she declined to be the executor. The daughters sought the appointment of Fort Smith attorney and former United States Trustee Program panel trustee R. Ray Fulmer II to serve as administrator.

The will referenced the "Bypass Trust" and the "Marital Deduction Trust" to be the recipients of the bulk of the estate's assets. Upon Shirley's death, the balance in the trusts would be distributed equally among Dude's daughters and Shirley's son. The will contained the following provision:

> 3.1 Powers. Except as otherwise *expressly required* herein, the executor and trustee shall have the same powers and discretions with respect to my estate and each trust created hereunder as are provided in Act 153 of the 1961 Arkansas General Assembly, as amended by Act 421 of 1993, codified at Ark. Code Ann. § 28-69-304, and the powers set forth in Act 1031 of the 2005 Arkansas General Assembly, codified at Ark. Code Ann. §§ 28-73-815 and 28-73-816, insofar as those powers are applicable, in extension and not by way of limitation of the powers, authority and discretion vested by law, all of which may be exercised without authorization by any court.

(Emphasis added.)

Another provision in the will gave the trustee power to continue any business, incorporated or unincorporated. However, this trustee power does not expressly require the trustee to be the sole person authorized to continue business of the estate. The will defined "fiduciary" to include any executor or trustee serving under the will.

Ultimately, R. Ray Fulmer II was appointed as administrator/executor/personal representative[1] of the estate. In 2021, a federal court ruled that the estate was the owner of 100 percent of the shares of Dude, Inc. and Premier Foam, Inc. As administrator, Ray began to examine the two corporations and attempt to ascertain their values. Shirley would not cooperate and instead resisted mightily. She did not allow Ray access to corporate documentation or personnel. She took the assets of Dude, Inc. and deleted the company's computer data. Shirley and a company CPA refused to respond to a subpoena to provide corporate documents to Ray. Ray then took action to ensure that the companies were not being mismanaged. Ray executed paperwork making him the sole shareholder and director of each corporation. Ray did not first seek the circuit court's authorization.

In October 2022, Shirley filed a formal objection to Ray's actions and asked the probate court to invalidate the business actions Ray had taken. Shirley argued that Ray should first have obtained the circuit court's permission, that this action was not consistent with Arkansas's probate code, and that this action violated Ray's fiduciary obligations to the estate.

Dude's daughters filed objections to Shirley's motion, contending that Ray was not self-dealing but rather acting to protect the estate's assets and that Ray did not have a conflict of interest. Ray also resisted Shirley's motion and disagreed with all Shirley's accusations.

---

[1]For purposes of this litigation, the terms "administrator," "executor," and "personal representative" are used interchangeably to describe the title of Ray's authority over Dude's estate.

The circuit court rejected Shirley's arguments. The circuit court found Ray, as the administrator/executor/personal representative, to be the sole shareholder of the two corporations. The circuit court found all Ray's actions with respect to the corporations to be proper and in conformity with Dude's will and with the relevant corporate laws. The circuit court further found that Ray's actions were necessary to the proper administration of the estate and should have been taken earlier but for the "unusual factors" including Dude's daughters filing suit against Shirley in federal court seeking to enforce the agreement between their mother and Dude to protect their (the daughters') interests. Ray was made a defendant in the federal lawsuit.[2] Shirley appeals the circuit court's 2022 order.

Arkansas's appellate courts have observed that the Probate Code is particularly thorough and perspicuous legislation. *Tackett v. Freedman*, 2024 Ark. App. 358, 690 S.W.3d 830. Unlike civil cases in general, a great many probate orders are subject to interlocutory appeals. *See* Ark. Code Ann. § 28-1-116(a) (Repl. 2012). Probate cases are reviewed de novo on the record; however, the decision of the circuit court will not be reversed unless it is clearly erroneous. *In re Est. of Smith*, 2024 Ark. App. 275, 689 S.W.3d 438. A finding is clearly erroneous when, although there is evidence to support it, the appellate court is left, on the entire evidence, with the firm conviction that a mistake has been made. *Id.* We give due deference to the superior position of the circuit court to determine the credibility of the witnesses and the weight to be accorded their testimony. *Pyle v. Sayers*, 344 Ark. 354, 39

---

[2]The federal lawsuit was affirmed by the Eighth Circuit Court of Appeals in *Crain v. Crain*, 2023 U.S. App. LEXIS 15735.

S.W.3d 774 (2001); *In re Est. of Jelinek*, 2018 Ark. App. 618, 566 S.W.3d 156. We do not, however, defer on pure issues of law. *See Hamm v. Hamm*, 2013 Ark. App. 501, 429 S.W.3d 384.

Shirley's arguments on appeal assert that the circuit court erred in finding that Ray's actions of taking over operation of the two corporations were consistent with Dude's will, the Arkansas Probate Code, and Ray's fiduciary obligations to Dude's estate. We disagree.

An executor of an estate occupies a fiduciary position and must exercise the utmost good faith in all transactions affecting the estate and may not advance his own personal interest at the expense of the heirs. *Guess v. Going*, 62 Ark. App. 19, 966 S.W.2d 930 (1998). Personal representatives are directed by Arkansas's probate code to marshal all assets of the estate. Ark. Code Ann. § 28-49-101 (Repl. 2012). There was evidence that, after being stonewalled and stymied by Shirley regarding the books and operations of the two companies, Ray acted to place himself in a position to marshal the assets of the estate and determine how best to preserve the assets for the benefit of the heirs. After our de novo review of this record, we cannot say that the circuit court clearly erred in finding Ray's acts to be proper and in line with probate and corporate law.

Shirley also contends that Ray violated his fiduciary duty and created a conflict of interest and an environment for self-dealing. However, Shirley did not obtain a ruling on those issues. It is an appellant's responsibility to obtain a ruling to preserve an issue for appeal, and Shirley's failure to obtain a ruling precludes our review on appeal. *See Bollinger v. Farm Credit Midsouth, PCA*, 2021 Ark. App. 112, 619 S.W.3d 398.

For the foregoing reasons, we affirm the circuit court's order.

Affirmed.

ABRAMSON and BROWN, JJ., agree.

*Jones, Jackson, Moll, McGinnis & Stocks, PLC*, by: *Mark Moll* and *J. Dalton Person*; and *Bryan Cave Leighton Paisner LLP*, by: *Elaine Drodge Koch*, pro hac vice, for appellant.

*Barber Law Firm PLLC*, by: *James E. Smith* and *Casey L. Mynatt*; and *Cochran Law Firm, P.A.*, by: *Tamra Cochran*, for appellee.